## MICKELBERRY v. HARVEY.

HUSBAND AND WIFE.—*Separation of.*—*Action for Goods Sold to Wife.*—*Evidence.*—*Principal and Agent.*—*Ratification.*—*Supreme Court.*—Where, in an action to recover of the defendant for goods sold and delivered to his wife by the plaintiff, in the absence of the defendant, it may be believed from the evidence, that the defendant, subsequent to the purchase, on being informed thereof, had ratified the same, and promised to pay it, the existence of facts authorizing such purchase may be inferred therefrom, and the Supreme Court, on appeal, will not disturb a finding for the plaintiff, although, at the time of the purchase, the defendant and his wife were living separate, and the goods were not necessaries.

From the Vigo Circuit Court.

*R. Dunnigan* and *S. C. Strussen*, for appellant.

PERKINS, J.—Suit for goods sold and delivered. The following is the bill of particulars:

| | |
|---|---:|
| " 1 Extension Table . . . . . | $6.75 |
| " 1 Safe . . . . . . . . . | 3.00 |
| " 1 Bedstead . . . . . . . . | 12.00 |
| " 1 Bedstead . . . . . . . . | 8.50 |
| " 1 Set Chairs . . . . . . . | 14.00 |
| " 1 Set Chairs . . . . . . . | 5.50 |
| " 2 Rockers . . . . . . . | 9.50 |
| " 1 Bureau . . . . . . . . | 15.00 |
| " 1 Mattress . . . . . . . | 5.00 |
| " 1 Centre Table . . . . . . | 4.00 |
| " 1 Kitchen Table . . . . . . | 3.25 |
| | 88.50 |
| " Interest on above to date . . . . | 3.30 |
| | " $91.80 " |

Answer, general denial.

Trial by the court. Judgment for plaintiff, over a motion for a new trial, for ninety-one dollars and eighty cents.

The grounds of the motion for a new trial were: Judgment against law, against the evidence, and for too large an amount.

The evidence is in the record, and follows:

Thomas E. Knox, witness for plaintiff, testified, that he presented the bill sued on in this case to the defendant, before suit, " and he told me it was correct, and he would pay it."

The plaintiff testified, as a witness, that he was a furniture dealer in Terre Haute, and that, " some time last February, defendant's wife came to my store, and, after looking at my goods, said she wanted some furniture, and that her husband would pay for it; she told me she lived in Sugar Creek township, and referred me to Mr. Knox, of whom I enquired, and learned that defendant was amply able to pay; a few days afterward defendant's

Mickelberry *v.* Harvey.

wife came in and bought this bill of goods; they were low-priced goods; had them charged to defendant; the amount of $—— is due and unpaid; the price charged was reasonable; defendant afterward came into my store and I showed him this bill; he said it was all right, and he would pay it."

The plaintiff then rested his case.

The defendant, James Mickelberry, being duly sworn, testified for the defence, as follows, to wit: "I am defendant, and never bought any goods of plaintiff, at any time, nor did I give any order to my wife, at any time, to buy goods of plaintiff; I knew nothing of this purchase till some days afterward; my wife bought these goods while she was separated from me, and she was not living with me at the time; the goods bought were not necessaries; she had no need of them; I had plenty of furniture at home; the furniture was not good, and was not worth seventy-five dollars; some of it was damaged; I never told Knox the bill was all right; I offered to pay him seventy-five dollars, rather than have a suit about it; I had a conversation with Harvey, and asked him how he came to sell the goods to my wife, and he said Knox told him" (plaintiff) "to let my" (defendant's) "wife have goods on my account, as I was good, and he could make it off of me."

From the evidence in the cause, the court trying it might have believed that the defendant had admitted that the account sued on was correct, and had promised to pay it. From such admission and promises, the court might have inferred that facts existed legally authorizing the wife to purchase the goods on the credit of the husband.

The judgment is affirmed, with costs.