ANTHONY, COWELL & CO. *vs.* CHARLES A. PHILLIPS.

A husband is not bound to support his wife who wrongfully refuses cohabitation.

But a tradesman who has previously furnished goods to the wife and has been paid by the husband, who has neither actual nor imputed knowledge of the wife's separation from her husband, and who, after the separation, furnishes goods to the wife, may maintain an action therefor against the husband. In such a case the wife's agency continues until knowledge of the separation is brought home to the tradesman.

DEFENDANT's petition for a new trial.

*December* 10, 1890. STINESS, J. The plaintiffs sold and delivered the furniture sued for to the defendant's wife upon her order, and charged the bill to the defendant. They had previously made similar sales upon her order, and the defendant had paid the bills without objection. Upon one occasion the defendant had accompanied his wife to the plaintiffs' store, when a bill of goods was purchased, but at other times she was alone. At the time of the last sale the defendant and his wife had separated, and these goods were sent to the house where the wife was living apart from her husband, having left him, so far as appears, without justifiable cause. The plaintiffs did not know of the separation. The defendant requested the court below to instruct the jury as follows : " If the husband provided a suitable home according to his means for his wife, and she voluntarily left the same, without fault on his part, he was not liable for debts contracted by her while living apart from her husband, by reason of his being her husband, even though he had paid for goods ordered by his wife and delivered at their home while living together, whether the persons dealing with her had notice of the separation or not."

The court instructed the jury that if a woman lives apart from her husband by her own wrong, the husband is discharged from supporting her ; but when a tradesman furnishes goods to a wife after separation, the husband having previously paid for goods furnished to her, the tradesman not knowing of the separation, and not having reasonable cause to know it, the agency may be presumed to continue until knowledge is brought home to the tradesman. Exception was taken to this instruction. We think the instruction as given was correct. A married woman may bind her husband for goods bought by her in two ways : for necessaries

by reason of his obligation to support her, when he omits or re-
fuses to provide them under circumstances which make it his duty
so to do ; and for other things when she acts as his agent, under
his authority, express or implied. In the former case she may bind
him without, or even against, his personal authority, by what is
termed her agency in law; in the latter case she can bind him
only in the way that any person may bind another, by an agency
in fact. The request made in this case related only to the marital
obligation, and instruction was given substantially as requested.
If the husband provided a suitable home for his wife which she
voluntarily left, without fault on his part, it is clear that he would
not be liable for goods furnished to her while away by reason of
the fact of marriage. *Debenham* v. *Mellon*, L. R. 6 App. Cas. 24.
The portion of the instruction excepted to covered the liability
of the husband by reason of the agency of the wife. The only
question in this case, therefore, is, whether the plaintiffs might pre-
sume that the agency, evidenced by previous dealing, continued
until they knew, or had reason to know, of the separation, or of a
revocation of the agency. This question relates to the law of
agency rather than to the relation of husband and wife. The
liability of the husband in case of such agency was settled in the
case of *Manby* v. *Scott*, 1 Sid. 109, by the third resolution agreed
to by the judges, p. 120 ; 2 Smith Lead. Cas. Hare & Wallace
notes, *418, as follows : " III. If the wife purchase goods, and
the husband, by any act precedent or subsequent, ratifies the con-
tract by his assent, the husband shall be liable upon it ; if not on
his *assumpsit* in law, yet on his *assumpsit* in fact, whether the
goods are for himself, or for his children, or for his family, all
which positions are so obvious that they require no demonstra-
tion."

If, then, the husband has held the wife out as his agent, by pre-
vious dealings, the person has the right to presume that the au-
thority continues, until he has reason to know to the contrary.
This is the well-established rule in cases of agency. See Story on
Agency, § 470, and note. Amer. & Eng. Cyclopædia of Law, 448,
and cases cited. A familiar illustration of this rule is found in the
case of a retiring partner. This was the substance of the instruc-
tion given to the jury, and it was therefore correct. *Mickelberry*

v. *Harvey*, 58 Ind. 523; *McGeorge* v. *Egan*, 5 Bing. N. C. 196; *Reid* v. *Teakle*, 13 C. B. 627; *Benjamin* v. *Benjamin*, 15 Conn. 347; *Cany* v. *Patton*, 2 Ashm. 140.       *Petition dismissed.*

    *Dexter B. Potter*, for plaintiff.

    *Ambrose E. West*, for defendant.