## DANIEL NORCROSS v. A. B. RODGERS.

*Husband and wife.   Wife's earnings.*

A wife who voluntarily and without good reason has, for a considerable period,
lived apart from her husband, and has supported herself without any assist-
ance from him, may, if the husband does not previously claim her earnings,
receive them herself, and after they have been paid to her, the husband can
not recover them of the person from whom they were due.

BOOK ACCOUNT.   The plaintiff's claim was for the services of
his wife, who worked for the defendant under the following circum-
stances, as found by the auditor.

The plaintiff's wife left him voluntarily, but for what cause it
did not appear, about two years before she was employed by the
defendant, and ever since leaving him had worked in various places
and taken care of herself.   She worked for the defendant for the
time mentioned in the plaintiff's account, for which services the
defendant settled with her, and paid her to her satisfaction a fair
compensation for her labor.   Her earnings were needed for, and were
applied to her immediate necessities for clothing and support.   The
whole of the defendant's dealings were with the wife, without any
consent or dissent of her husband.   Upon these facts, the county
court,—UNDERWOOD, J., presiding,—rendered judgment for the
defendant.   Exceptions by the plaintiff.

*Ormsby & Farnham*, for the plaintiff, contended that the case
showed no cause for the wife's desertion of her husband, and that
the implication of law was that it was without cause and wrongful;
that in such a case the husband was not liable for her necessaries,
but was entitled to her earnings; that she herself was not at liberty
to procure necessaries out of those earnings, or in any way to dis-
pose of them, and that one dealing with a married woman, living
apart from her husband, should be required to do so at his peril;
and cited *Manby* v. *Scott*, 1 Lev. 4; 2 Smith's Leading Cases, 249
and notes; *Thompson* v. *Hervey*, 4 Burr. 2177; *Houliston* v.
*Smith*, 3 Bing. 127; *Hodges* v. *Hodges*, 1 Esp. 441; *Rawlings* v.
*Vandyke*, 3 Esp. 251; *Mainwaring* v. *Leslie*, M. & M. 18; *id*, 2
C. & P. 509; *Edwards* v. *Towels*, 5 M. & G. 624; 2 Kent's Com.
147; *McCutchin* v. *McGahay*, 11 Johns. 281; 2 Parsons' Contracts,

Norcross v. Rodgers.

127; *Glover* v. *Drury Lane*, 18 E. C. L. 269; Bingham on Inf. and Cov. 218; *Russell* v. *Brooke*, 7-Pick. 65; *Keith* v. *Wambell*, 8 Pick. 211; *Gay* v. *Rogers*, 18 Vt. 342; *Buckley* v. *Colyer*, Salk. 114; 1 Bac. Ab. Baron and Feme, D; 1 Parsons' Contracts, 286; *Effly* v. *Clay*, 2 Man. & G. 172; *Read* v. *Teakle*, 24 L. & Eq. 332.

*C. B. Leslie*, for the defendant.

The plaintiff, by suffering his wife to live apart from him for several years, and support herself by her labor, without any *dissent* on his part, constituted her his agent to labor and *receive the pay therefor*; and especially, as the pay was needed and actually applied to her immediate wants and necessities, the defendant had good reason to suppose the plaintiff had delegated to her the power to take the pay for her labor; *Gray* v. *Otis*, 11 Vt. 628; *Perlinau* v. *Phelps*, 25 Vt. 478; *Gilman* v. *Andrus*, 28 Vt. 241.

The opinion of the court was delivered by

POLAND, J.   The general principles, that a husband is bound to support and maintain his wife, and that he is entitled to her labor and earnings, are undisputed; and while they actually live together in the usual course of that relation, very little difficulty arises in the application of these principles; but in cases where the legal relation still subsists, but the parties have, in fact, become alienated and separated, and their interests conflict with each other, cases of great perplexity arise.   In the present case, it seems from the auditor's report, that the plaintiff and his wife had been living apart for a considerable period of time before she commenced the service for the defendant, for which the plaintiff seeks to recover. The report is very meagre and bare in relation to all facts and circumstances attending the seperation, and the cause of it.   The auditor says that "she left him," and that "she left voluntarily," but for what cause did not appear.   We think that from this, we are to infer that she was not forced or compelled to leave the plaintiff, but not that it was wholly by her own fault, and without any cause or fault on the part of the plaintiff.   The fair inference probably is, that it was the mutual fault of both, that they could not agree to live together.   Clearly enough, what is reported by the auditor would not be sufficient to authorize a third person to sue

the husband, and recover for necessaries furnished by him to the wife. In order to enable one to do that, when a wife lives apart from her husband, it must be shown, either that they live apart by mutual consent, or that the separation is by the fault of the husband, and that he has not supplied her with proper necessaries, or the means of procuring them.

The plaintiff's counsel treat the question, whether the plaintiff would be bound by his wife's contract for necessaries, under the circumstances detailed in the report, as to the separation and its causes, as synonymous with the question, whether he is entitled to recover for her services during the same period, for which payment has in good faith been made to her by the person employing her; and all the authorities quoted by the plaintiff's counsel, have been to show that the plaintiff would not have been bound to pay for necessaries furnished to her. But we think the questions are by no means the same, but depend upon quite different principles. Before any person would be authorized to furnish her with necessaries, and rely upon the husband for payment, he would be bound to ascertain the true state of affairs between the husband and wife, whether she was not already provided with necessaries, or the means to obtain them by him, and if she was not, whether it was not her fault; and, should a person employing the wife, and making payment to her, resist the husband's claim to her wages, upon the ground that she was not supplied by her husband, and was entitled to her wages to procure necessaries, he would doubtless be held to the same rule of proof. But in employing her, and paying her for her services, or supplying her with necessaries, and receiving pay from her therefor, when no claim is sought to be established against the husband, the right depends upon quite different principles.

Even when husband and wife are living together, if he allows her to deal in a particular manner, or to perform services and receive pay for them herself, the husband's assent to such dealing has often been presumed, and we think, where a separation for any cause had taken place, and for any considerable time the husband had allowed the wife to deal for herself, and receive pay for her services, without objection, persons would have a right to consider him as assenting to such course of dealing by her.

The auditor reports that after she left her husband, up to the

Norcross *v.* Rodgers.

time of her service for the defendant, she worked at various places, and took care of herself.

The fair import of this is, that she received the wages of her labor, and expended it for her own support.

The period of her labor for the defendant covered over a year and eight months, but during all this time, and during her former service for others, it does not appear that the plaintiff ever interfered, or claimed any of her wages, or expressed any dissent to this course of dealing by her, and from this state of facts, the defendant might properly infer that the plaintiff assented to her thus receiving her wages, and expending them for her own support. The auditor, to be sure, says the defendant's dealings with the wife, were without any assent or dissent by the plaintiff, but this evidently intends any *express* assent or dissent, and leaves in full force his silence and non-interference, not only in former years, but during her service for the defendant, as ground for belief by the defendant, that the plaintiff did not intend to claim the wages of the wife, and that he might safely pay her. It is very probable that if the plaintiff had notified the defendant before payment to the wife, not to pay her, and that he claimed her wages, the defendant might not have been justified in paying her, but we think he can not be permitted to keep silent so long a time, and till after full payment to her, and an expenditure of the money by her, and then come in and recover her wages. It would be practically a fraud upon the defendant to permit it.

Judgment affirmed.