## COUNTY OF CHITTENDEN,

AT THE

JANUARY TERM, 1868.

PRESENT :

Hon. JAMES BARRETT,
Hon. ASAHEL PECK,
Hon. WILLIAM C. WILSON, } ASSISTANT JUDGES.
Hon. JOHN PROUT,

---

JOHN AND CHARLES H. BROWN *v.* EBENEZER S. MUDGETT,
*Appellant.*

*Husband and Wife. Practice. Supreme Court.*

If a wife refuses to live with her husband, and deserts him in violation of her duty, and without reasonable or just cause, she cannot bind him to pay for necessaries furnished her by a party knowing they live separate and apart.

Where the husband, upon first being informed that his wife after so deserting him has run him in debt, is sent for by the party who furnished the necessaries, and is induced to believe that he is liable therefor, and is informed of the amount, and thereupon expresses his surprise, saying it is larger than he expected; that he is not prepared to pay it, and shall want a little time. It is *held*, that this language is not conclusive upon him. It is but evidence to prove his recognition or assumption of the debt ; and he is at liberty to show the character of the claim made, the representations, and under what circumstances he used the

expressions relied upon to charge him ; and to show that in saying what he did he was acting under a mistaken supposition or belief as to his liability, thus induced; especially when the party has not acted upon what the husband said before he repudiated the debt.

The supreme court will not necessarily say that the county court in rendering a *pro forma* judgment found or inferred a fact which there was evidence tending to prove.

BOOK ACCOUNT to recover for a bill of goods furnished the defendant's wife.    Judgment to account was rendered, and an auditor appointed, who made a report, the substance of which is stated in the opinion of the court.    Upon the report, the county court, PIERPOINT, CH. J., presiding, at the September Term, 1867, rendered judgment, *pro forma*, for the plaintiffs to recover the amount found by the auditor, $76 84, with interest,—to which the defendant excepted.

*M. D. Heath*, for the defendant, maintained that the defendant was not originally liable.    Reeves' Domestic Relations, 80, 81, 82 ; 2 Kent's Commentaries, 146, 130–132 ; 1 Parsons on Contracts, 295, 296 ; *Norcross* v. *Rodgers*, 30 Vt. 588.

The defendant has never recognized the debt, or promised to pay it.    The language used by the defendant at the plaintiffs' store in November, 1865, did not amount to an assumption of the debt, nor a promise to pay, and the defendant did not intend it should, and the understanding of the plaintiffs was only inferential, as evidenced by their again applying to the defendant, December 25th, 1865, and still again within the six months credit, at which times, and on every other occasion except at the store in November, 1865, as aforesaid‘ the plaintiffs admit a denial by the defendant of his liability.    *Truman* v. *Fenton*, 1 Smith's Leading Cases, 799, last page of note.

The auditor finds that the defendant in saying what he did, acted under the supposition or belief that he was or could be made legally chargeable to pay the debt.    Therefore the defendant was not bound by what he said.    1 Parsons on Contracts, Adequacy of Consideration, 363, and cases cited in foot note " t."

The responsibility of the husband for necessaries furnished the wife rests on the duty which grows out of the marital relation, and

not upon her agency and his authority. 1 Parsons on Contracts, 291. And as the wife in this case had abandoned the defendant, and assumed her maiden name, and from a date previous to the purchase of the goods, had purposed and intended never to live with him again, she had forfeited all her marital rights, and under such circumstances even so strong a parol promise by the defendant to pay the debt, would be no more binding on him than to pay the debt of any third person, both because within the statute of frauds, and for want of consideration. Gen. Stat., ch. 66 ; 1 Parsons on Con., book 2, ch. 1, § 1 ; *Manly* v. *Scott*, 2 Smith's Leading Cases, 443, last page of note.

A claim of recovery on a new promise cannot be sustained in this form of action.

*L. F. Wilbur*, for the plaintiff.

I. We insist, from the facts reported, that the defendant, even without a recognition of the debt, cannot resist the payment of it on the ground that his wife left him without justifiable cause, and was living apart from him at the time the necessaries were purchased.

It was the duty of the defendant, if he desired to escape liability for his wife's purchases *for necessaries under these circumstances*, to have given the plaintiffs notice not to trust her on his credit. *Ratch* v. *Miles*, 2 Conn. 640, 648, 650 ; *Gilman* v. *Andrus*, 28 Vt. 241 ; *Frost* v. *Willis*, 13 Vt. 202.

II. The defendant recognized the debt and promised to pay it and it is binding upon him. This case should not be confounded with those cases where the credit was *originally* given to a third person or to the wife alone. *Perlinau* v. *Phelps*, 25 Vt. 478 ; *Wills & Fairbanks* v. *Judd*, 26 Vt. 623 ; *Cass* v. *McDonald*, 39 Vt. 68 ; *Gilman* v. *Andrus*, 28 Vt. 241 ; *Greenfield Bank* v. *Crafts*, 4 Allen, 447–9 ; *Mamby* v. *Scott*, 2 Smith's Lead. Cases, 478 ; *Barnaby* v. *Barnaby*, 1 Pick. 221 ; 36 Vt. 681 ; 4 Allen, 447.

III. The defendant's wife must be treated as his agent in the purchases as he subsequently assented to them, and ratified her acts.

A ratification of, and an assent to, the act of the wife in making the purchases on the defendant's credit should be *presumed* even from

the defendant's silence and not disavowing the act on being informed of it. Story on Agency, § 253, 255, 256, 257 ; 2 Kent's Com. 8 Ed. 801 ; *Roach* v. *Miles*, 2 Conn. 647–8.

IV. The defendant having recognized this debt of his wife's con-. tracting, and promised to pay it knowing all the facts, cannot recede from his promise or escape liability to pay the debt because he made the promise and recognized the debt under a misapprehension of his liability. *Ignorantia juris non excusat. Shaw* v. *Whiteman*, Peake, 29 ; *Hornbuckle* v. *Hornbury*, 3 Eng. C. L. 302 (2 Starkie, 177) ; *Cooper* v. *Martin*, 4 East. 76 ; *Culver* v. *Ashley*, 19 Pick. 303 ; *Holcomb* v. *Stimpson*, 8 Vt. 141 ; 2 Kent, 801.

The opinion of the court was delivered by

PROUT, J. The ·question whether or not the defendant is liable and bound to pay the plaintiffs' claim for the articles furnished the wife of the defendant, and which they seek to recover in this action, arises and is submitted to us upon the report of a referee. The articles referred to, the referee finds, were both in kind and amount *necessaries*—not unsuitable to the state and degree of the defendant and his wife, and her reasonable necessities under the circumstances.

I. It is undeniable, as a general proposition, that if a wife purchases, on the credit of her husband, necessaries for her own use, the husband is bound to pay for them. The contract of purchase is his, and his liability is based, ordinarily, upon a presumed assent thereto on his part. This presumption of assent arises, not wholly from the fact that the marital relation exists, or from the obligation existing incident to that relation, and which rests upon the husband, binding him to furnish his wife all reasonable necessaries suitable to her condition in life, but cohabitation is essential ; and the duties of the wife, as a wife, form and constitute the consideration of this liability. Her power then to pledge the credit of the husband is not unrestrained, but is limited to a degree, harmonizing and consistent with the interests, obligations and duties growing out of their relation as husband and wife, and as between them. If she refuse to live with and desert him, in violation of her duty, and without reasonable or just cause, she cannot bind him to

pay for necessaries furnished her by a party knowing they live separate and apart. And before any one " would be authorized to furnish her under such circumstances, relying upon the husband for payment, he should make inquiry and ascertain the true state of affairs between them—whether she was not already provided for, or with the means to obtain them, by and through her husband, and if not, whether it was not in consequence of her *fault.*" *Norcross* v. *Rodgers*, 30 Vt. 588.

The case in hand is affected by these principles. The auditor substantially finds, that the wife of the defendant lived with him but three weeks and four days after their marriage, when on a *pretence* of visiting a relative, she left, intending not to live with him any longer. He also reports that she left without cause ; that ever since, without cause, and against the will of her husband, she has lived separate from, and refused to cohabit with him. Solicited to return, and assured by him that he would do all in his power to make her comfortable and- happy, she refused. In this state of affairs, and under these circumstances, she applies to the plaintiffs, informing them that she is living separate from her husband, the defendant, and they making no inquiry as to the cause of the separation, or his willingness to furnish her at home, sell her necessaries, to the amount claimed, on his credit, and claim to recover it in this action. Upon these facts, we have an undoubting conviction they ought not.

II. It is claimed that the defendant subsequently recognized the plaintiffs' demand and assumed to pay it, and that he is liable upon this ground.

It appears from the case, that while the defendant's wife was residing in Underhill, and soon after she contracted the debt in question, the defendant went to see her, when one Bowen, at whose house she was stopping, informed him that she had been running him in debt at the plaintiffs. This was the first intimation he had of the fact so far as appears. While at Bowen's, Wires, the plaintiffs' clerk, appears and invites him to go and see the plaintiffs at their store. For what purpose, upon the facts, there can be no doubt. Saying nothing, the defendant goes, when he is informed that his wife said she had consulted a prominent legal gentleman, who had, in effect,

advised her that she could get anything she wanted on the defendant's credit, and he would be accountable therefor. At the same time the account is produced and he is informed of the amount. The defendant expresses his surprise, saying, it is larger than he expected—referring probably to what Bowen had communicated to him ; that he was not prepared to pay it, and should want a little time. This is all the defendant said bearing on the question. This language, from which it is sought to infer a recognition or promise to pay the plaintiffs, and thus charge the defendant, under the circumstances, does not mean an absolute recognition of the demand, in the opinion of some of the members of the court, and is to be so understood. The auditor reports a fact, which seems to indicate that the plaintiffs so understood it ; and that is, on the occasion when the defendant thus expressed himself, the plaintiff, Charles H. Brown, said to him, that they, the plaintiffs, did not expect immediate payment ; that they were in the habit of giving their customers six months credit or time, and should do so by the defendant if he desired. This, taken in connection with what the defendant said—that he was not prepared to pay, etc., would indicate, upon the plaintiffs' construction, that he assumed to pay on six months time. This conversation was had in November, soon after this debt was contracted, yet the plaintiffs, not relying on the presumed assent to pay on time, in December—within two months from the time the goods were furnished—called upon the defendant for payment, when he denied his liability. Whatever effect this fact should have, the denial of a liability at that time, at least, corrected any impression of the plaintiffs, produced by the defendant's language, that he intended to pay or recognize the claim ; and whatever inference is to be drawn from the language, the defendant was unexpectedly called upon, and a representation made calculated to impress him with the belief that he was liable to, and bound to pay the plaintiffs' demand. If, under a belief thus induced, his language might be construed as amounting to a recognition or assumption to pay, it is not conclusive upon him. It is but evidence to prove the fact, and the defendant is at liberty to show the character of the claim made, the representations, and under what circumstances he used the expressions relied upon to charge him ;

and to show that in saying what he did, he was acting under a mistaken supposition, or belief, as to his liability thus induced. All this may or may not be insufficient to overcome the effect of the evidence of a recognition, or promise to pay, but they are circumstances and facts that relate to and affect its credibility and weight, and especially is this so, where it appears, as this case shows, that the plaintiffs have in no way altered or changed their condition with respect to their debt, in consequence of anything the defendant said on the occasion referred to.

The auditor does not find expressly as a fact, that the defendant did, or did not, recognize a liability to pay, or assume to pay the plaintiffs. He leaves *that* fact, upon which the case turns, to be inferred by the court from what he reports. The judgment of the county court in the cause for the plaintiffs being *pro forma,* we cannot say that that court made the inference. The case thus standing upon the effect of the defendant's language, and as it is affected by the circumstances and occasion, we think there is not only good sense, but a just application to this case of what SEDGWICK, J. says in *May* v. *Coffin,* 4 Mass. 347, where a similar question was under consideration, that " what a man says, under the surprise of a sudden and unexpected demand for money, ought to be construed with a good deal of strictness."

Upon these views of the case, the judgment of the county court is reversed, and judgment for the defendant on the report.