## I. N. THORNE & CO. v. ORRIN KATHAN.

*Husband and Wife. Liability of Husband for Necessaries.*

To recover of a husband who lives apart from his wife for necessaries furnished to the wife, it must be shown that they live apart either by mutual consent or by reason of the fault of the husband. Thus, where plaintiffs sought to recover for medicine furnished to a wife on a physician's prescription while she was living apart from her husband under circumstances *q. v.*, showing that she had deserted him without apparent fault on his part, it was *held* that the wife could not pledge the husband's credit, and that the plaintiffs could not recover.

GENERAL ASSUMPSIT. Plea, general issue, and trial by the court, September Term, 1878, Ross, J., presiding.

The plaintiffs sought to recover for medicine furnished to the defendant's wife.

Thorne & Co. *v.* Kathan.

It appeared that at some time shortly before October 18, 1873, the defendant's wife, who was ill and under the care of a physician, and whose relations to the defendant were not, from some cause, what ought to exist between husband and wife, left the defendant's, with the advice of her physician, and, " unbeknown to the defendant," went to reside with her son-in-law, Charles Puffer. The defendant thereupon posted her for desertion, but, on remonstrance by the doctor, who urged the effect it might have on the wife's health, he consented to and did withdraw the notice, and asked the doctor to do all he could for her, promising to pay him therefor, which he subsequently did.   She never returned to the defendant's, and in March, 1877, the defendant obtained a divorce from her on the ground of desertion.   After the wife left her husband as aforesaid, the plaintiffs furnished her with medicine on the doctor's prescription from time to time, till some time in the latter part of 1874.   The plaintiffs' charges therefor, down to December 17, 1873, were made on the plaintiffs' day-book to Puffer and on his credit, he agreeing to pay them if the defendant did not.   Those after the latter date were made to the defendant's wife, but on the defendant's credit, and in the expectation that he alone would pay them.   All the charges were posted to the defendant, and were, the court found, for necessaries for his wife.   It was for those charges that the plaintiffs sought to recover.   It appeared that not long after the doctor had the conversation with the defendant about his posting his wife, he communicated to the plaintiffs what had so taken place ;  and the plaintiffs inferred therefrom that the defendant was willing to pay for medicines furnished on the doctor's prescription.   But the doctor did not attempt to act therein as the defendant's agent, nor was any of the medicine furnished on any authority derived from the doctor otherwise than as aforesaid.   It appeared also that the plaintiffs had furnished the wife medicine on the doctor's prescription before she went away, for which the defendant paid.   About August 1, 1874, the plaintiffs rendered a statement of account up to that date to the defendant, who soon called on the plaintiffs, refused to pay, and denied his liability.   Just when he called, did not appear ; but the court found that the charges after September 1,

were. made after the plaintiffs knew that the defendant denied his liability.

The court rendered judgment for the plaintiffs for the amount of all charges after December 17 ; to which the defendant excepted.

*Davenport & Eddy*, for the defendant.

The defendant, if liable, is liable because of his relation as husband, and because the goods furnished were necessaries—not because they were furnished by his order, but because it was his duty to furnish them. It is the husband's duty to provide his wife with necessaries. If he refuses, she can buy, and so bind him to pay. But if the wife separate from her husband without his consent and without reasonable cause, she forfeits her right and cannot pledge his credit. The duties of the relation are reciprocal. Reeve Dom. Rel. 81 ; *Manby* v. *Scott*, 1 Mod. 128 ; *Norcross* v. *Rodgers*, 30 Vt. 588 ; *Brown* v. *Mudgett*, 40 Vt. 68 ; *Stevens* v. *Story*, 43 Vt. 327.

*K. Haskins*, for the plaintiff.

The husband is bound to provide his wife with necessaries while she is not in fault. 2 Kent Com. 148 ; *Manby* v. *Scott*, 2 Sm. Lead. Cas. 364 ; *Frost* v. *Willis*, 13 Vt. 202 ; *Woodward* v. *Barnes*, 43 Vt. 330.

The wife's departure was justified by her illness and the advice of her physician.

The finding establishes the fact that the departure was justified.

If the wife's departure was justifiable, or if the defendant assented thereto, or afterwards ratified it, then she had authority *ex necessitate* to pledge his credit. *Woodward* v. *Barnes, supra*.

The opinion of the court was delivered by

REDFIELD, J. This suit is to recover payment for necessaries furnished the wife. The court have found that the medicines furnished the wife by the plaintiff, were *necessaries*, but furnished the wife without the consent or approval of the husband. About October 18, 1873, the wife, " unbeknown to her husband, went to

reside with her son-in-law, Charles Puffer," and never went back to the defendant, her husband. The husband posted her for desertion, and subsequently obtained a bill of divorce from her for that cause.

I. After the wife went to Puffer's to reside without the knowledge or consent of the husband, there seems no question that the husband regarded and treated the matter as a desertion on her part. " Unbeknown to him " she went elsewhere to *reside*. The fact that up to that time the defendant had paid the plaintiffs the medical prescriptions of the doctor for the wife, and that after that Puffer paid for such prescriptions, was sufficient notice to put the plaintiffs on inquiry as to the defendant's liability for necessaries furnished the wife. The plaintiffs knew that defendant's wife had gone to reside at Puffer's, and furnished medicine to the wife on the promise of Puffer to pay for the same if the defendant did not. The charges for such medicine were made to Puffer, and paid by him up to December 17, 1873. After that the charges were made to the defendant's wife.

There is and can be no dispute as to the law governing this subject. It is very fully and clearly stated by POLAND, J., in *Norcross* v. *Rodgers*, 30 Vt. 588 : " In order to enable one to recover for necessaries furnished a wife who lives apart from her husband, it must be shown, either that they live apart by mutual consent, or that the separation is by the fault of the husband." The court have found " the relations between defendant and his wife were not, from *some cause*, what ought to exist between husband and wife." But the court have not found nor stated what was the " cause," nor that the defendant was in any way at fault in the matter. When the wife abandons her husband's bed and domicil " unbeknown to him," and makes her abode and home elsewhere, she does an act inconsonant with conjugal rights and duties.; she deserts her duties and abandons her rights, and does not carry with her her husband's credit, unless she show that this enstrangement is caused by the fault of the husband. No such fact is found in this case, and no statement is made from which

such inference may be drawn.    As the case is stated, she volun-
tarily made herself an alien from his house and home, and from
his care and protection.

The result is that the judgment of the County Court is reversed,
and judgment for the defendant to recover his costs.