## DANIEL S. BENJAMIN *vs.* C. A. DOCKHAM.

Suffolk.   January 13. — 14, 1882.   LORD & FIELD, JJ., absent.

An action for the price of milk delivered to a wife against her husband's express request, while she was living apart from him, cannot be maintained against the husband in the absence of evidence that she was living apart from him under such circumstances as gave her implied authority to bind him by a contract for necessaries.

CONTRACT for milk sold and delivered. Answer, a general denial. Trial in the Superior Court, before *Rockwell,* J., who allowed a bill of exceptions, in substance as follows:

The only evidence offered was that of the plaintiff, who testified that the milk was delivered by him to the defendant's wife, a part of it where the defendant had been living with his wife, and a part afterwards at another house where the wife was boarding.  On cross-examination, the plaintiff testified that, before delivering the milk, he received a written notice from the defendant not to deliver any more milk to his wife, and that before doing so he informed the wife of such notice, and told her he could not bring any more milk; that the wife told him he must do so, as she must have the milk for her child, which was less than one year old, and he should be paid for it; that thereafter he delivered the milk to her; that during the period of the delivery of the milk the defendant and his wife were living separate from each other, which the plaintiff knew.  There was no evidence of any agreement for separation.

The defendant requested the judge to rule that, upon the pleadings and evidence, the action could not be maintained, because there was no evidence that the separation between the defendant and his wife occurred or was existing under such circumstances as to give the wife implied authority to bind her husband.

The defendant also requested the judge to instruct the jury, that, if they should find that the milk was delivered to the defendant's wife against the consent and express request of the defendant while the wife was living separate from him, the verdict must be for the defendant, unless they should also be satisfied from the evidence that the separation was justifiable on the part of the wife.

The judge declined to rule as requested, but instructed the jury that, if the wife had a child with her less than a year old, and required for herself and child about two quarts of milk a day, and applied to the plaintiff to continue to deliver the milk, on the credit of the defendant, and the milk was a necessary for the wife and child, either or both, and neither milk nor the means of paying for milk was provided by the husband, the defendant was liable for the milk, and its value might be recovered by the plaintiff in this action.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. P. Weston*, for the defendant.

*S. H. Dudley & W. P. Dudley*, for the plaintiff.

BY THE COURT. As this bill of exceptions presents the case to us, there was no evidence that the wife was living apart from her husband under such circumstances as gave her implied authority to bind him by a contract for necessaries. *Raynes* v. *Bennett*, 114 Mass. 424, 428. · *Exceptions sustained.*

---

### MEMORANDUM.

ON the sixteenth day of January, 1882, Mr. Justice MORTON was appointed Chief Justice, in place of Chief Justice GRAY, resigned, and took his seat on the bench as such on the seventeenth day of January, at the term of the court then held at Boston in the county of Suffolk.