## LYDIA MORSE v. LUKE MORSE.

### BENNINGTON COUNTY, 1893.

Before: TAFT, ROWELL, TYLER AND THOMPSON, JJ.

*Order as to wife's support under No. 33, Acts 1890. Justifiable cause of her living apart.*

1.   To warrant the court in making an order as to the support of the wife, under the provisions of No. 33, Acts of 1890, upon the ground that the wife is living apart from the husband, who refuses to maintain her, it must appear that she is so separated from her husband through some matrimonial fault of his.

2.   Where the husband has always suitably supported his wife, and is willing to continue to do so, and requests her to remain, it is not a justifiable cause for leaving him that her physical condition renders it more agreeable and convenient for her to live apart from him, and he is not in fault for refusing to support her after her departure.

3.   Nor does it alter the case if the husband testifies upon the
      hearing that he would not consent to his wife's return, pro-
      vided she has never actually offered to do so.

Petitition by the wife for her support under the provisions
of No. 33, Acts 1890.  Heard at the December term, 1892,
START, J., presiding.  It was ordered that the petitionee be
restrained from interfering with the personal liberty of the
petitioner, and that he pay her the sum of ten dollars per
month until further order.  The petitionee excepts.

The parties were married in 1855, and lived together un-
til 1883.  At that time the petitioner had become blind and
deaf.  For some seven years before she had been cared for
at her husband's home by one of her daughters, who was
nearly the only person who could hold any communication
with her.  This daughter, having married, was about to re-
move to Massachusetts, and the petitioner insisted on going
with her.  The petitionee objected, and requested her to re-
main.  He had always supported her suitably, and was wil-
ling to continue to do so if she would remain with him.
She, however, insisted upon going with her daughter, and
the petitionee thereupon paid the daughter $235, and allowed
her to take away the greater part of the household furniture.
Since then the petitionee has refused to contribute anything
towards the support of his wife.

Upon the hearing of this petition the petitionee testified
that he was not willing that the petitioner should return to
him, and would not support her if she did.

*C. H. Mason* for the petitionee.

The husband is under no liability to support his wife after
she has voluntarily abandoned him.  Bish. Mar. & Div.,
§§ 1,215, 1,228, 1,253; *Williams* v. *Prince*, 3 Strob. 490;
*Brown* v. *Patton*, 3 Humph. 135; *Cany* v. *Patten*, 2 Ash.
140; *Allen* v. *Aldrich*, 9 N. H. 63; *Angelo* v. *Angelo*,

8

81 Ill. 251 ; *Barnes* v. *Allen*, 30 Barb. 663 ; *McCormick* v. *McCormick*, 7 Leigh 66 ; *Sears* v. *Sears*, 45 Tex. 557 ; *Newland* v. *Howland*, 45 Tex. 588 ; *Ruthford* v. *Coxe*, 11 Mo. 347 ; *Thorne* v. *Kathan*, 51 Vt. 520.

The wife is only justified in abandoning her husband when his conduct has been such as would justify a suit for divorce. Bish. Mar. & Div., §§ 1,217, 1,218, 1,742, 1,222, 1,223, 1,747, 1,750, 1,753 ; Detrick's Appeal, 117 Pa. 452 ; Groves' Appeal, 37 Pa. 443, 447 ; *Logan* v. *Logan*, 2 B. Monr. 142 ; *Pierce* v. *Pierce*, 33 Iowa 238 ; *Douglass* v. *Douglass*, 31 Iowa 421 ; *Black* v. *Black*, 3 Stew. Ch. 215, 221 ; *Moores* v. *Moores*, 1 C. E., Green. 275 ; *Boyce* v. *Boyce*, 8 C. E., Green. 338 ; *Meldowney* v. *Meldowney*, 12 C. E., Green. 328 ; *Duke* v. *Reed*, 64 Texas 705 ; *Blowers* v. *Sturtevant*, 4 Denio 46, 49 ; *Fiedd* v. *Eves*, 4 Homig. Del. 385, 387 ; *Ayer* v. *Ayer*, 16 Pick. 327.

*Sheldon & Cushman* for the petitioner.

The petition is addressed to the discretion of the county court, and its action cannot be revised. No. 33, Acts 1890.

ROWELL, J.　No. 33 of the Acts of 1890 provides that when a husband fails without just cause to furnish suitable support for his wife, or has deserted her, or when the wife, for a justifiable cause, is actually living apart from her husband, the county court may, on the application of either party, make such order as it deems expedient concerning the support of the wife.　This statute introduces a new and an important element into the law of domestic relations in this State, and we do not purpose to give it construction beyond what is necessary to decide the case before us ; therefore we do not undertake to say definitely what is a "just cause," or a "justifiable cause," within the meaning of the statute.　It is enough for present purposes to say that in a

case like this it must be the husband's matrimonial fault that his wife is living apart from him.    But how grave that fault must be, whether sufficient to afford the wife ground for a divorce, it is not now necessary to decide.    But certainly he must be in *some* fault.    But here the husband is in no fault, unless it be that he testified he was not willing his wife should come back, and would not support her if she did. Up to the time she went away he had always supported her suitably ; and he wanted her to stay, and offered to continue to support her if she would, but she would not.    True, her physical condition rendered it very proper that she should be with her married daughter, who had long cared for her, and it was natural that she should desire to be with her ; but she had been well cared for at home, and would have been, and it was, in the circumstances, her duty under the law and her marriage vows to remain with her husband, for they twain are one flesh, and it cannot be said that he was in fault for her going away.    Neither is he in fault for her staying away, notwithstanding his testimony, which was, undoubtedly, drawn out by tentative questioning.    He has not been put to the test of an offer on her part to return, nor does it appear that she has ever harbored a thought of returning, and it is manifest that she does not intend to return, but to coerce support in continued separation.    In these circumstances, saying *inter arma,* when even the law is silent, that he was not willing she should come back, and would not support her if she did, does not make a case against him.    If she should in good faith offer to return and he refuse, it would even then stand for consideration whether he was bound to overlook the past and receive her back.

*Judgment reversed and petition dismissed.*