JOSEPH B. PEAKS, and another, *vs.* ORRIN P. MAYHEW.

Piscataquis.    Opinion January 30, 1901.

94   571
97   374

94   571
f103   153

*Husband and Wife.    Necessaries.    Attorneys.*

A wife who wilfully deserts her husband without his fault and against his will, forfeits all right to have her support from him, and carries with her no authority to pledge his credit even for articles which might be held necessaries if she had left for his fault.

There is no rule of law, or principle of justice, which will raise a presumption of agency in favor of a wife to enforce an obligation on the part of her husband, which for her own fault has ceased to exist.

*Held;* that the burden is upon the plaintiff seeking to recover for necessaries furnished to a wife who with plaintiff's knowledge is living apart from her husband, to show that they either lived apart by mutual consent, or that the separation was occasioned by the fault or misconduct of the husband.

With respect to the liability of the husband, no valid reason can be given for distinguishing legal services from medical attendance or from any other services or articles which cannot be excluded as a matter of law from the class of necessaries; and whether or not, in a given case, a wife living apart from her husband can pledge his credit for legal services rendered in her behalf by one who knows of the separation, must be determined as in the case of other services or articles classed as necessaries,—not primarily by the fact that the alleged necessaries or the means of obtaining them, have not been supplied by the husband, but by ascertaining whether or not the wife wilfully deserted her husband and lived apart from him without his fault, and thus forfeited her right to pledge his credit for necessaries.

*Held;* that a wife who lives apart from her husband by reason of her own adultery, and is under indictment for that offense, has no authority to pledge her husband's credit for the legal services of counsel who knows of the separation, although he is informed and believes that she is innocent of that charge.

In such a case, the liability of the husband is not to be determined by the personal knowledge of counsel respecting the guilt or innocence of the wife. By her own flagrant breach of her marriage vow and duty, she has forfeited all right to pledge his credit for necessaries of any kind. The counsel's knowledge that she is living apart from her husband and is under indictment for adultery, is sufficient to put him on inquiry to learn the cause of the separation, and if he afterwards renders services in her defense by her employment alone, he does so at his peril and the husband will not be liable.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*J. B. Peaks and E. C. Smith*, for plaintiffs.

Counsel cited: *Artz* v. *Robertson*, 50 Ill. App. 27; *Conant* v. *Burnham*, 133 Mass. 505. The services of the attorneys in defending the husband's wife do not fall within the rule of necessaries which can or may be provided at the husband's home. The services are necessaries under a rule which does not apply to any other necessaries. *Warner* v. *Heiden*, 28 Wis. 517, (9 Am. Rep. 515); *Shepherd* v. *Mackoul*, 3 Camp. 326; *Morris* v. *Palmer*, 39 N. H. 123. To say that the wife should not have counsel because she was not living at home at the time she was arrested, would be to deny her the constitutional right to have counsel.

*C. W. Hayes and W. E. Parsons*, for defendant.

SITTING: EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

WHITEHOUSE, J. This was an action to recover for professional services, rendered by the plaintiffs as attorneys at law, in conducting the defense of a criminal prosecution for adultery against the defendant's wife. She was indicted and tried jointly with her alleged paramour who employed separate counsel. There was evidence tending to prove that, at the time these services were rendered, the wife was living apart from her husband, and for some time prior thereto had been living apart from him without his fault and against his will, although he had furnished her a suitable home and requested her to remain there. There was also evidence tending to show that, at and before the time the services were rendered, the plaintiffs had knowledge that the wife had

separated from her husband, and it was not in controversy that they were rendered without any express promise on the part of the defendant to pay for them. The trial for adultery resulted in a disagreement of the jury, and the defendant's wife subsequently returned to her husband and renewed cohabitation with him. At the next term of court the government entered a nolle prosequi on the indictment.

It was contended in behalf of the defendant, as a matter of law, that if his wife was living apart from him without his fault and against his will, she thereby forfeited her right to receive support from him; and had no authority to pledge her husband's credit for the counsel fees in question, although the plaintiffs did not know that her separation from her husband was caused by her own fault.

But the presiding justice instructed the jury, inter alia, as follows: "Ordinarily, in regard to the more material things of life, a wife cannot pledge the credit of the husband when she leaves the home which he has supplied for her, and leaves at that home a suitable place where she could have lived and received the necessities of life for her comfort and support. It is not a necessity in such a case. But this rule does not apply to this particular case, where it is not sought to recover compensation for such material necessities which might or might not have been supplied at the home of her husband. But the wife being away from the husband, if it was reasonably necessary for her to have counsel, it then would be proper for her to pledge her husband's credit unless he supplied in some way counsel to defend her during her trial, or unless he provided means for her.

"If, in a case where the husband and wife were living apart, the husband should supply means to the wife to employ counsel and to pay counsel, then it would not be necessary for her to employ counsel with his credit, because she had means of her own with which to employ and pay counsel. . . ."

"So, then, the matter of separation, whether through fault of the husband or the wife: I instruct you for the purposes of this trial, is not a material question in the case except so far as I shall

hereafter allude to it and make an exception, because if you find that it was necessary, in the position in which she was last September, to employ counsel, to have counsel, then she would have a right to pledge the credit of her husband to pay counsel, unless he had employed counsel for her or furnished in some way or other means for her to make her defense. . . . .

"The only issue, perhaps, that is presented in this case then, as to the questions of liability under this instruction which I have given you, is as to whether or not the plaintiffs were employed by this woman upon the credit of her husband."

The instruction that it was not a material question in the case "whether the separation was through the fault of the husband or the wife," must be deemed an erroneous statement of the law applicable to this case.

As presented by the bill of exceptions, the instruction must be considered upon the assumption that the jury might have found that the defendant had furnished a comfortable home for his wife and supplied her with all the necessaries suitable to her situation and his own circumstances and condition in life, and that she abandoned this home and lived apart from her husband without fault on his part, against his will, and without any justifiable cause. Under such circumstances, it is a well-settled and elementary principle in the law of domestic relations, requiring no citation of authorities for its support, that a wife who thus wilfully deserts her husband without just cause, at the same time forfeits all right to have her maintenance and support from him, and carries with her no authority to pledge his credit even for articles which might be essential to her health, comfort and support, and therefore properly deemed necessaries for which the husband would be liable if she had left for his fault. But, by a wilful violation of duty on her own part, she relieves her husband from the observance of the marital obligation, which would otherwise rest upon him. There is no rule of law, or principle of justice, which would raise a presumption of agency in favor of a wife to enforce an obligation on the part of her husband which for her own fault has ceased to exist. In case of the wife's desertion of her husband, the presumption changes to the

side of the husband, and the burden is upon the plaintiff who seeks
to recover for necessaries furnished the wife, with knowledge of the
separation, to show that they either lived apart by mutual consent
or that the separation was occasioned by the fault or misconduct of
the husband.   Schouler's Domestic Relations, p. 93; 1 Chitty on
Cont. 248; 15 A. & E. Enc. of Law, (2 ed.) p. 888, and authori-
ties cited; 1 Bishop on Mar. and Divorce, § 570; *Benjamin* v.
*Dockham*, 132 Mass. 181; *Brown* v. *Mudgett*, 40 Vt. 68; *Thorne*
v. *Kathan*, 51 Vt. 520; *Walker* v. *Simpson*, 7 Watts. & Serg. 83
(S. C. 42 Am. Dec. 216).   The rule is as well sustained by
reason and justice as by authority; for it is manifest that the
opposite doctrine would necessarily tend to break down the rea-
sonable and salutary restraints imposed by the solemn compact of
marriage, and thereby defeat, in a large degree, the great moral and
social purposes which the conjugal union was designed to subserve.

In *Thorne* v. *Kathan*, 51 Vt. supra, the plaintiff sought to
recover for medicine furnished to a wife on a physician's prescrip-
tion, while she was living apart from her husband, under circum-
stances from which it did not appear that the separation was
caused by the fault of the husband; and it was held that the wife
could not pledge the husband's credit for medicine thus furnished,
and judgment was accordingly rendered for the defendant.   In the
opinion the court say:   "There is and can be no dispute as to the
law governing this subject. . . . .   When the wife abandons
her husband's bed and domicile 'unbeknown to him,' and makes
her abode and home elsewhere, she does an act inconsistent with
conjugal rights and duties; she deserts her duties and abandons
her rights, and does not carry with her her husband's credit, unless
she show that this estrangement is caused by the fault of the hus-
band."

It was not questioned in that case that medical attendance and
medicines properly belonged to the class of necessaries, nor that
the medicines furnished by the plaintiff were in fact necessary for
the proper treatment and relief of the defendant's wife; and it was
not claimed that he had furnished her with any means to obtain
the medicines without pledging his credit for them; but as she had

abandoned her home and was living apart from her husband without his fault, she thereby forfeited her right to pledge his credit even for necessaries.

It is equally well established in both England and America that legal services may under some circumstances properly fall within the class of necessaries for which the husband may be liable. *Ottaway* v. *Hamilton*, 3 C. P. D. 393; *Wilson* v. *Ford*, L. R. 3 Ex. 63; *Conant* v. *Burnham*, 133 Mass. 503. But no case has been cited by counsel, or otherwise brought to the attention of the court, in which either medical attendance or legal services furnished. to a wife while she was living apart from her husband without his fault and against his will, have ever been declared to be necessaries for which, under such circumstances, she could pledge the credit of her husband without his consent. In *Conant* v. *Burnham*, 133 Mass. supra, it inferentially appears that the wife was living with her husband, but had sufficient cause for leaving him; for he had committed an assault and battery upon her and instituted a criminal prosecution against her, and the court deemed it no hardship to require him to pay for legal services rendered in the defense of his wife when his own act had created the necessity for them. In *Wilson* v. *Ford*, L. R. 3 Exch. 63, supra, the husband had possessed himself of all his wife's property and deserted her without notice, leaving her in the house in which she had been living with him unprovided with the means of subsistence. Under these circumstances, the expenses of a suit by the wife to obtain subsistence and a restitution of her conjugal rights, were properly held to be "necessaries" for her. In *Ottaway* v. *Hamilton*, 3 Com. P. Div. 393, the plaintiff was a solicitor employed by the wife to obtain a divorce from her husband on the ground of cruelty and adultery. The divorce was granted, and it was simply held, that the plaintiff had a common law right to sue the husband for expenses incurred beyond the taxable costs in the divorce proceedings, as for "necessaries" supplied to the wife.

In 1 Bishop on Mar. & Div. § 554, the author says: "In general, we may say, that necessaries are such articles of food or apparel or medicine, or such medical attendance or nursing, or such

provided means of locomotion, or provided habitation and furniture, or such provision for her protection in society, and the like, as the husband, considering his ability and standing, ought to furnish to his wife for her sustenance and the preservation of her health and comfort."

In *Conant* v. *Burnham*, 133 Mass. supra, an attempt was also made to define the term necessaries as "whatever naturally and reasonably tends to relieve distress, or materially and in some essential particular, to promote comfort either of body or mind."

But whether or not articles or services which cannot be excluded as a matter of law from the class of necessaries, may reasonably be deemed necessaries in a given case when furnished to a wife living apart from her husband, must be determined by the jury as a matter of fact upon the special circumstances of that case. *Raynes* v. *Burnett*, 114 Mass. 424.

It is manifest, however, from all of the foregoing, that with respect to the liability of the husband, no valid reason can be given for distinguishing legal services from medical attendance, or from any other services, or articles which cannot be excluded as a matter of law from the class of necessaries; and whether or not, in a given case, a wife living apart from her husband can pledge his credit for legal services rendered in her behalf by one who knows of the separation, must be determined as in the case of other services or articles classed as necessaries,—not primarily by the fact that the alleged necessaries or the means of obtaining them have not been supplied by the husband, but by ascertaining whether or not the wife wilfully deserted her husband and lived apart from him without his fault and thus forfeited her right to pledge his credit for necessaries. Whether or not the separation is caused by the fault of the husband or the wife is, therefore, not only a "material question" but the decisive test in determining the liability of the former for necessaries furnished the wife while living apart from her husband.

It also appears from the charge that the presiding justice further instructed the jury as follows:

"I say that there is an exception to this. If she has left her

husband by reason of her own adultery and the counsel she employs, or seeks to, upon the credit of her husband knows that she is guilty of adultery and has left her husband by reason thereof, then he cannot be employed upon the credit of the husband. But, if she has left by reason of her own adultery and the counsel employed does not know that, is informed and believes that she is innocent, and is employed upon the credit of her husband, then the husband is liable."

For the reasons already given in support of the conclusion upon the first proposition, this instruction must also be deemed erroneous. A wife who lives apart from her husband by reason of her own adultery, and is under indictment for that offense, has no authority to pledge her husband's credit for the legal services of counsel who knows of the separation, although he is informed and believes that she is innocent of that charge. In such a case, the liability of the husband is not to be determined by the personal knowledge of counsel respecting the guilt or innocence of the wife. By her own flagrant breach of her marriage vow and duty, she has forfeited all right to pledge his credit for necessaries of any kind. The fact that the counsel whom she seeks to employ has knowledge that she is living apart from her husband and is under indictment for adultery, is sufficient to put him on inquiry to learn the cause of the separation, and if he afterwards renders services in her defense by her employment alone, he does so at his peril and the husband will not be liable. 1 Chitty on Cont. 250, and cases cited; *Walker* v. *Simpson*, 7 Watts & Serg. supra; 2 Kent's Com. 147; 1 Bishop on Mar. & Div. 620.

The fact that the defendant condoned any misconduct on the part of his wife by receiving her back, and resuming cohabitation with her, is not a ratification by him of her employment of counsel while she was living apart from him without his fault, and does not render him liable to pay for the services then rendered. *Oinson* v. *Heritage*, 45 Ind. 73 (S. C. 15 Am. Rep. 258); 1 Chitty on Cont. 250; 1 Bishop on M. & D. 577.

*Exceptions sustained.*