HERSÁ A. BENNETT *v.* EDWIN S. BENNETT.

October Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed November 15, 1916.

*Husband and Wife—Divorce—Refusal to Support—Duty of Wife to Live with Husband—Evidence—Failure to Account for Letter not Produced on Trial.*

Where a man and wife were married in September, 1910, and lived together in this State until the following spring, when they moved from the State; the wife returned to the State in September, 1913, shortly thereafter gave birth to a child, and was comfortably supported by her parents, with whom she lived; shortly after her return she received a letter from her husband, the contents of which did not appear, and wrote him several times, asking for money, but received no reply, the court did not err in dismissing a petition for divorce, brought by the wife against the husband, on the ground of wanton and cruel neglect and refusal to support.

The husband is the head of the family, and ordinarily determines its place of residence; and if he provides a suitable home, it is the duty of the wife to live with him, if properly supported and treated.

Where the petitioner in a suit for divorce testified to the receipt of a letter from the petitionee, but failed to produce it, or give evidence of its contents, the trial court might properly consider the failure to account for it a circumstance unfavorable to the petitioner's case.

PETITION for divorce, on the ground of gross, wanton and cruel neglect and refusal to support. Heard at the June Term, 1916, Lamoille County, *Butler,* J., presiding. Judgment dismissing the petition. The petitioner excepted. The opinion states the case.

*M. P. Maurice* for the petitioner.

MUNSON, C. J. This is an uncontested petition for divorce. The cause alleged and relied upon is that the petitioner's husband grossly, wantonly and cruelly neglected and refused to support her.

The parties were married in September, 1910, and lived in Lamoille County until the following spring, when they moved from the State. In September, 1913, the petitioner returned to Lamoille County, and has since lived with her parents, by whom she has been comfortably supported to the knowledge of the petitionee. About three weeks after her return she gave birth to a child, which is still living. After this she was in poor health for nearly two years, and had no means of support except such as was furnished by her parents without compensation. About two weeks after her return she received a letter from the petitionee, regarding which nothing further appears. She wrote him several times asking for money, but received no reply. It appeared that the petitionee had had work and received good wages. Upon this showing the court dismissed the petition.

The petitioner's brief recognizes the fact that the case does not show in express terms that the petitionee's failure to send her money was without cause, but says the findings contain nothing from which it can be inferred that there was a cause,

and therefore may fairly be construed as showing that there was no cause. This is apparently said with reference to the petitionee's ability to provide the money, for the brief proceeds without other comment to a thorough discussion of what constitutes the neglect required by the statute. We think the preliminary question is of broader scope than is assumed by counsel, and cannot be disposed of on the ground suggested.

The husband is the head of the family, and ordinarily determines its place of residence. If the husband provides a suitable home, it is the duty of the wife to live with him, if properly supported and treated. There is nothing to indicate that the petitionee failed in any of these respects. For aught that appears, the petitioner may have left in circumstances which would entitle the petitionee to a divorce on the ground of desertion. The petitioner could have · produced the petitionee's letter if in existence, or have testified to its contents if destroyed. The court might properly consider the failure to account for it a circumstance unfavorable to the petitioner's case. It does not appear that any of the petitioner's letters to her husband asked for money to enable her to return. If her leaving home was proper, the circumstances existing at the time her letters were written may have been such that it was her duty to return, rather than his duty to ·support her where he was. The petitioner was not entitled to a divorce on the case presented.

*Decree affirmed.*