MORGENROTH, Respondent, vs. SPENCER, Appellant.

*March 17—April 5, 1905.*

*Husband and wife: Services of physician to wife living separate: Liability of husband: Evidence: Burden of proof: Wife as witness.*

1. Upon the evidence in this case (stated in the opinion) it is *held* to have been a question for the jury whether defendant's wife was living separate and apart from him without his consent and without cause when the services in question were rendered to her.

2. Where a wife is living separate and apart from her husband without cause and without his consent, he is not liable for the services of a physician employed by her if he did not authorize such employment.

3. One who furnishes necessaries to a wife living separate and apart from her husband has the burden of showing that she is justifiably so living.

4. A wife is a competent witness against her husband in an action against him to recover for necessaries furnished to her.

APPEAL from a judgment of the circuit court for Green Lake county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This action was commenced in justice's court to recover for professional services performed by plaintiff, a physician, for the wife of defendant. The complaint alleges the statutory qualifications as physician, and that, at defendant's special instance and request, plaintiff rendered the services sued for in treatment of defendant's wife; that such services were necessaries which defendant was bound to furnish and provide for his wife, the reasonable worth of which defendant promised to pay; and that such services were worth $34.75. The answer is a general denial.

The action was tried by the court and a jury, and, at the conclusion of plaintiff's evidence, defendant moved for a nonsuit, which was denied; and after the evidence was all in both parties moved for a directed verdict. The court re-

fused to direct a verdict for defendant, but directed a verdict
for plaintiff. Judgment was rendered for plaintiff upon
the verdict so directed, from which defendant appeals, and
assigns the following errors: (1) The court erred in refus-
ing to grant a nonsuit; (2) the court erred in refusing to di-
rect a verdict for defendant; (3) the court erred in direct-
ing a verdict for plaintiff; (4) the court erred in admitting
in evidence the deposition and testimony of the wife of de-
fendant, Matilda Spencer.

*Perry Niskern,* for the appellant.

For the respondent there was a brief by *Geo. B. Heaney,*
attorney, and *John J. Wood, Jr.,* of counsel, and oral argu-
ment by *Mr. Wood.*

KERWIN, J. 1. The question involved under the first, sec-
ond, and third assignments of error is whether there was suffi-
cient evidence to go to the jury upon the question of defend-
ant's liability for plaintiff's bill for services. It appears from
the evidence that defendant and his wife were married in
1888 and lived together until 1891, when she left him and re-
mained away for seven or eight weeks on a farm occupied by
her sister, in which she had an interest; that she returned
and continued to live with defendant until 1900, when she
again, at the request of her sister, Mrs. Dalby, and without
objection on the part of defendant, went to the home of her
sister; that when she left it was understood between defend-
ant and his wife that she was to remain away two or three
weeks, at the expiration of which time defendant went to
Mrs. Dalby's to take his wife home, and she refused to go,
saying she would never live with him again; that several
times thereafter defendant requested her to return, but she
refused and continued to live with her sister from January,
1900, until the trial of this action. During this time she
was more or less out of health, and was occasionally visited
by defendant, with whom she apparently was on friendly

relations—in June, 1900, going to a summer resort with him for a period of ten days, and at other times being visited by defendant, and going out on short visits with him. In January, 1900, defendant employed one Dr. Dodson, a physician, to treat his wife while at her sister's. In April, 1900, he wrote to her sister with whom she was staying, seeking to make some arrangement for her board; and during the same month he received a letter from his wife saying she was paying her own expenses. In March, 1903, the wife employed plaintiff as a physician to treat her. This employment was by the wife. Plaintiff never communicated with defendant about it. Just before the employment his wife told him she intended to employ plaintiff, and he objected, saying he would not pay him if she did.

While there is evidence on the part of the plaintiff tending to show that the wife was living apart from defendant with his consent and that he assented to the employment of plaintiff, yet it is not sufficient to justify the court in taking the case from the jury. From a careful examination we find there is ample evidence to support a finding to the effect that the wife of defendant was living separate and apart from her husband without his consent, and without cause, at the time the services were performed.

Plaintiff contends that the medicines and services furnished were necessaries which defendant was bound to provide, and it is doubtless upon this theory that the court below directed a verdict for plaintiff. When the defendant's wife deserted him without cause and continued to live apart from him without his consent, she did not take with her the defendant's credit. Her misconduct deprived her of power to bind her husband, and it was incumbent upon plaintiff to prove her authority, in order to make out a case against defendant. Schouler, Dom. Rel. § 69. *Prima facie,* a woman living separate and apart from her husband has no power to bind him, and it is incumbent upon the person furnishing

necessaries to a wife so living apart from her husband to show that she is so living for justifiable cause. *Sturbridge v. Franklin,* 160 Mass. 149, 35 N. E. 669. In the case at bar, if the wife of defendant was living separate and apart from him without cause and without his consent, and he did not authorize the employment of plaintiff, plaintiff cannot recover. *Sturtevant v. Starin,* 19 Wis. 268; *Brown v. Worden,* 39 Wis. 432. Upon the facts proved, it was a question for the jury to determine whether a rupture had taken place between husband and wife, of such a nature as to deprive her of authority to pledge his credit for necessaries supplied. *Crocker v. Napper,* 16 L. T. Rep. 295; *M'Cutchen v. M'Gahay,* 11 Johns. 281.

2. The fourth error assigned is that the court erred in admitting in evidence the deposition of Matilda Spencer, wife of defendant. The general rule is that the testimony of the wife is admissible in an action brought against the husband to recover for necessaries furnished to her. The testimony was therefore competent for such purpose, and is an exception to the general rule that the wife cannot be a witness for or against her husband. *Bach v. Parmely,* 35 Wis. 238.

It follows that the court erred in directing a verdict for the plaintiff.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial.