H. L. STEINFIELD *vs.* HENRY GIRRARD, Appellant.

Oxford.    Opinion November 8, 1907.

*Husband and Wife.   Support and Maintenance.   Presumption of Agency.*
*Authority of Wife to pledge Husband's credit for Necessaries.*
*Desertion of Wife, effect of.   Evidence.*

1. If there is any presumption of agency on the part of the wife to pledge her husband's credit for necessaries, arising from the marriage contract, independent of the conjugal relation and cohabitation, it is rebuttable and may be disproved by the husband.
2. The authority of a wife to pledge her husband's credit for necessaries, arising from the marital relation alone, is co-existent and co-extensive with her necessity occasioned by his failure to fulfill his duty in this respect.   If his duty has been performed, or no longer continues, then no necessity can legally arise which would entitle the wife to such authority.
3. When a wife deserts her husband without his fault, she forfeits all right to support and maintenance from him and. in such case carries with her no authority to use his credit even for necessaries.
4. In an action to recover for goods furnished to the defendant's wife his testimony to the effect that he was always willing and prepared to provide a home, and all necessaries, for his wife, and that she was living apart from him, on the date of the purchase of the goods sued for, without fault on his part, was competent and should have been admitted irrespective of the plaintiff's lack of knowledge of the separation.

On exceptions by defendant.    Sustained.

Assumpsit to recover the price of certain merchandise "in the nature of necessaries of life" furnished by the plaintiff to the wife of

the defendant.   The wife has not been living with her husband for some months prior to the purchase, and the plaintiff did not know at the time he furnished the merchandise to the wife that she and her husband had separated.   The action seems to have originated in some lower court, not disclosed by the case as sent up, and brought to the Supreme Judicial Court on appeal by the defendant.

Tried at the May term, 1907, of the Supreme Judicial Court, Oxford County.   Verdict for plaintiff for $18.08.   During the trial, the defendant excepted to certain rulings made by the presiding Justice.

The case appears in the opinion.

*Gleason & Blanchard*, for plaintiff.

*Matthew McCarthy*, for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, STROUT, CORNISH, KING, JJ.

KING, J.   Action of assumpsit to recover the price of certain merchandise furnished to the wife of defendant.

Verdict for plaintiff.   The case is before the Law Court on defendant's exceptions to the exclusion of testimony and certain instructions of the presiding Justice.

It appeared in evidence that the wife had never before bought any goods of plaintiff on defendant's credit ; that she had not been living with her husband for some few months prior to the purchase, but that the plaintiff was ignorant of the separation.

The defendant offered his own testimony to the effect that he was always willing and prepared to provide a home, and all necessaries, for his wife, and that she was living apart from him on the date of the purchase of the goods sued for, without fault on his part.

This testimony was excluded for the reason, as stated by the presiding Justice, that unless the plaintiff knew of the separation the testimony offered would be immaterial.   To that ruling the defendant excepted.   We think that the exception must be sustained.

It was incumbent upon the plaintiff to establish the authority of the wife to bind the husband by the purchase of the goods.   The only evidence relied upon for this purpose was the fact of marriage.

It may be doubtful if there is any presumption of agency on the part of the wife to pledge her husband's credit for necessaries, arising from the marriage contract alone, independent of the conjugal relation, and cohabitation ; but if there is any such presumption it is rebuttable, and may be disproved by the husband. *Baker* v. *Carter*, 83 Maine, 132.

The authority of a wife to pledge her husband's credit for necessaries, arising from the marital relation alone, is only co-existent and co-extensive with her necessity occasioned by his failure to fulfill his duty in this respect. If his duty has been performed, or no longer continues, then no necessity can legally arise which would entitle the wife to such authority.

When a wife deserts her husband, without his fault, she forfeits all right to support and maintenance from him, and, a fortiori, in such case, she carries with her no authority to use his credit even for necessaries. *Peaks* v. *Mayhew*, 94 Maine, 571.

The testimony offered in the case at bar was to the effect that the wife had in fact forfeited her right to support from the defendant by a wilful violation of marital duty, a separation from him without his fault, and that he was willing and prepared to provide a home and all necessaries for her. If true, it would have established affirmatively a complete defense to the action. The defendant had a right to make this defense irrespective of the plaintiff's lack of knowledge of the separation.

The testimony offered should have been admitted. Its exclusion was prejudicial to the defendant, depriving him of the right to present facts which would disprove any liability on his part under the action. For this reason this exception must be sustained and a new trial granted.

The conclusion which we have reached that a new trial must be granted on account of the exclusion of the testimony offered by the defendant renders unnecessary a consideration of the other exceptions.

*Exceptions sustained.*