JAMES McCREERY & COMPANY, RESPONDENT, v. LUTHER MARTIN, APPELLANT.

Argued March 7, 1913—Decided July 2, 1913.

A husband who is living with his wife, and who supplies her with necessaries suitable to his position and her own, or furnishes her with ready money with which to pay cash therefor, is not liable for the purchase price of other goods sold to her of the same character as necessaries in the absence of affirmative proof of his prior authority to make them, or his subsequent sanction of such purchases.

On appeal from the Essex Circuit Court.

For the appellant, *McDermott & Enright* and *James D. Carpenter*.

For the respondent, *Peirce & Hoover*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   McCreery & Company, the plaintiffs below, by this suit seek to compel the defendant, Luther Martin, to pay for goods purchased from time to time by the defendant's wife at their store in New York. The goods were purchased by Mrs. Martin while she and her husband were living together, and constituted the first credit

dealings with the plaintiffs, either of herself or her husband. The plaintiffs' claim is that the goods purchased were "necessaries," and that, being such, the wife, by reason of the marital relation, had a right to pledge her husband's credit for their payment.

The defendant sought to avoid liability by showing that he furnished his wife from time to time during the period in which these purchases were made with moneys sufficient to pay for all necessaries required by his wife and family, and suitable for their position, and, further, that he had expressly forbidden her to run accounts against him in department stores. The store conducted by the plaintiffs came within that description. The evidence tending to establish this defence was overruled by the court. At the close of the case the court charged the jury that if they believed the articles which were the subject-matter of the suit were of the kind and character ordinarily used for domestic purposes in the household of the defendant, and that they were purchased by the wife while living with her husband, then the defendant was liable therefor, whether the goods were actually needed or not; that it was sufficient that the goods purchased were of the general character and nature used in the defendant's household. The court refused to charge at the request of the defendant that a husband discharges his marital obligation to his wife (*i. e.,* the obligation to furnish her with necessaries) either by supplying them himself, or by giving her an adequate allowance in money with which to purchase them; and that having done this he is not liable to tradesmen who, without his authority, furnish her with such necessaries.

The trial resulted in a verdict and judgment in favor of the plaintiffs for the full amount of their bill. The defendant, by proper exceptions to the rulings, instructions to the jury and refusal to instruct which we have recited, and by proper causes of reversal based thereon, now presents to this court for determination the question whether a husband may be held liable for goods purchased by his wife which come

within the general description of necessaries, notwithstanding the fact that he himself furnishes her with moneys sufficient to purchase such necessaries as she and his children may from time to time reasonably require, and forbids her to pledge his credit for such purchases.

Although this precise question has not until now been presented to this court for decision, it has frequently received consideration in other tribunals, and the weight of authority supports the doctrine that a husband who is living with his wife, and who supplies her with necessaries suitable to his position and her own, or furnishes her with ready money with which to pay cash therefor, is not liable for the purchase price of other goods sold to her of the same character as necessaries, in the absence of affirmative proof of his prior authority to make them, or his subsequent sanction of such purchases. *Baker* v. *Carter*, 83 *Me*. 132; *Bergh* v. *Warner*, 47 *Minn*. 250; *Wanamaker* v. *Weaver*, 176 *N. Y.* 75; *Jolly* v. *Rees*, 15 *C. B.* (*N. S.*) 628; *Debenham* v. *Mellon*, 6 *App. Cas.* 24; *Morel Bros.* v. *West Moreland*, *L. R.* (1903), 1 *K. B.* 64. And this doctrine is, as we conceive, sound in principle. A wife has no power to make a contract binding upon her husband unless upon his authority, express or implied. In cases where the authority is to be implied from the marital relationship and the cohabitation of the parties, the presumption which the law raises is based upon the obligation of the husband to supply necessaries to the wife. It may be that it is to be presumed that goods of the character of necessaries purchased by the wife on the credit of the husband are the very ones with which he was bound to supply her. But certainly this is not a presumption *juris et de jure*, and may be overcome by proof to the contrary. This duty which the law imposes upon the husband, and which he must discharge to the extent of his ability, is satisfied by a *single* performance. In other words, having once performed it, the law does not impose upon him the obligation of duplicating that performance. When he has supplied his wife with those necessaries which their station in life and his financial standing entitle her to have at his hands, or has furnished her

with moneys sufficient to enable her to purchase them for herself, he is under no obligation to pay bills incurred by her for what would have been necessaries if he had not already supplied her therewith, but which are not, in fact, such, because of the precedent supply. The husband may permit such extravagance on the part of the wife if he sees fit; but having discharged the obligation which the law imposes upon him with relation to his wife's necessaries, he is entitled to regulate her expenditures, for which he is to become responsible, by his own discretion and judgment.

It is argued that the tradesman is entitled to assume that the wife has authority to pledge the credit of the husband for necessaries unless he receives notice to the contrary. This may be conceded when the husband, by his conduct, has led the tradesman to believe that the wife has such authority. But there seems no ground for such assumption on the part of the tradesman who deals with the wife for the first time. He is supposed to know that the wife's power to pledge her husband's credit is not without limit; that she can only do so for the purpose of obtaining those necessaries which the law requires him to furnish her, and to the extent that they remain unfurnished; and he can readily ascertain by inquiry the fact of the wife's authority to pledge her husband's credit for the purchases which she desires to make. The suggestion that such action on the part of the tradesman might readily be considered offensive, not only by the wife who seeks to make the purchases, but by the husband whose credit she seeks to pledge, is fully answered by what was said by Lord Justice Bramwell, in *Debenham* v. *Mellon*, 5 *Q. B. D.* 394, 400, viz.: "If it be said that such a proceeding would offend the customer, I answer that that may be an excellent reason why the tradesman should not ask the question; but it is no reason for seeking to make the husband pay because the question is not asked."

We conclude that the grounds of appeal which we have set out in the beginning of this opinion are well taken. The judgment under review will be reversed and a *venire de novo* awarded.

*For affirmance*—WHITE, J.    1.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TERHUNE, HEPPENHEIMER, JJ. 13.