# FREDERICK McFERREN

## *vs.*

## GOLDSMITH-STERN COMPANY.

*Husband's Liability—Necessaries Furnished Wife—Express Agency—Instructions—Evidence.*

The husband's obligation, arising from the marriage relation, to supply his wife with necessities suitable to her station in life, is not affected by the fact that she may have means of her own from which she could procure them.          p. 577

The authority of the wife to pledge her husband's credit for necessities appropriate to her station in life involves an agency arising *ex necessitate*, and is not the conventional agency created by express language or implied from the conduct and course of dealing of the principal.          p. 578

If it appears that the husband has supplied his wife with necessities, or the means to procure them, there is no presumption of an agency of necessity, and whoever seeks to charge the husband for purchases on his credit by the wife must prove agency as in other cases in which her right to pledge his credit is questioned.          p. 579

Where the husband and wife are separated, and he provides for her maintenance and support by the payment of money or other valuable commodity at stated intervals, either as alimony under an order of some court of competent jurisdiction, or in accordance with an agreement between them, fixing such an amount as adequate and satisfactory, she is not authorized to pledge his credit under the presumed authority of an agency of necessity; and the person seeking to charge the husband under such circumstances assumes the burden of proving an agency in fact.          p. 579

In an action for the price of wearing apparel furnished to defendant's wife, it was error to instruct the jury that if the apparel was purchased by the wife on defendant's credit, and

she had purchased from plaintiff similar garments on many occasions, and her husband had in each case paid for them, plaintiff was entitled to recover unless her husband had furnished her with necessary wearing apparel or with sufficient money to procure it, the prayer in effect resting the right to recover upon the hypothesis of an agency in fact, not arising from the marriage relation, in its nature revocable, and yet ignoring evidence that such agency had been revoked before the purchase of the apparel by notice from defendant to plaintiff that he would not be responsible for debts not contracted by him personally.                                         p. 580

That one testifies that he mailed a notice, properly addressed, to another, raises a presumption that it was received, which is not conclusively rebutted by evidence that it was not received, but the latter evidence is to be considered by the jury, together with any other facts or circumstances tending to rebut such presumption.                                       p. 580

An instruction that if the husband and wife separated by mutual consent, and nothing was said at the time of separation as to his providing for her necessary wearing apparel, and the articles thereafter purchased of plaintiff by the wife were such apparel, the jury could infer that he intended that his credit should be pledged with plaintiff, and the verdict should be for plaintiff, *held* proper.                          p. 581

An instruction that, if the husband and wife were separated as a result of his misconduct, he was responsible for necessary apparel furnished her by plaintiff, and if she had not means of supplying herself therewith. their verdict should be for plaintiff, *held* erroneous, as withdrawing from the consideration of the jury testimony that defendant husband paid his wife a definite weekly allowance, fixed as sufficient by an agreement between their counsel, which she ratified.                   p. 581

An instruction that if the wife was without necessary wearing apparel through the husband's fault, and she received "no money from him for such necessary garments," the verdict should be for plaintiff even though plaintiff had been notified not to credit the wife, *held* erroneous, as failing to require the jury to find that plaintiff sold or supplied the articles in question.      p. 582

In an action for the price of wearing apparel supplied defendant's wife, *held* that certain prayers were properly refused as withdrawing from the consideration of the jury evidence that plaintiff was warranted in inferring from defendant's course of dealing and his conduct that his wife was his agent in fact, as distinguished from an agent in law or of necessity.

p. 582

*Decided January 13th, 1921.*

Appeal from the Superior Court of Baltimore City (HEUISLER, J.).

The cause was argued before BRISCOE, THOMAS, URNER, STOCKBRIDGE and OFFUTT, JJ.

*Harry N. Abercrombie*, for the appellant.

*B. H. Hartogensis*, for the appellee.

OFFUTT, J., delivered the opinion of the court.

The appeal in this case was taken from a judgment of the Superior Court of Baltimore City against the appellant in favor of the plaintiff, in an action in assumpsit brought by the appellee against the appellant and Adelaide McFerren, his wife, to recover the price of certain wearing apparel alleged to have been furnished by it to the said Adelaide McFerren.

The theory upon which the plaintiff sought to recover against the appellant was that the articles furnished were necessities suitable to the wife's station in life, which her husband refused to supply and which he furnished her no means to procure, and that therefore she was entitled to purchase them upon his credit and that he thereupon became obliged to pay for them.

The wife's defense to the suit was that she had been compelled to separate from her husband because of his cruelty and abuse, and that after the separation she was in need of wear-

ing apparel, and since her husband did not supply her with the means to procure it, she was compelled to buy it on his credit, and that he and not she was responsible for the payment of the debt so incurred.

The husband's defense was that he supplied his wife with such things as were necessary to her comfort and convenience in their station in life, and that when she separated from him she did so voluntarily and without any fault on his part, and that during the separation he paid her a fixed weekly sum for her support and maintenance as alimony in a divorce proceeding which she has instituted; that the sum so aforesaid was fixed by agreement and that he had notified the plaintiff, before a part of the goods for the price of which the suit was brought had been purchased, that he would not be responsible for any purchases not made by him in person.

Since the legal sufficiency of the evidence is not in issue, and as we are not called upon to weigh it, it is unnecessary to review it in detail, and it is sufficient to say that there was testimony in the case tending to support each of these conflicting contentions.

The record contains seven exceptions, the first six of which relate to questions of evidence and one to the rulings on the prayers.

The six exceptions relating to the admisibility of evidence may be grouped, as they all relate to the action of the lower court in refusing to allow questions asked in the cross-examination of Adelaide McFerren, a witness for the appellee, which were designed to show that at the time she purchased the articles in question she had means of her own not furnished by her husband for her support, from which she could have paid for them. The proposition upon which the Court's rulings in respect to the questions involved in these exceptions rests, is that the husband's obligation, arising from the marriage relation, to supply his wife with necessities suitable to her station in life, is not affected by the fact that she may have means of her own from which she could procure

them. While this question, in the precise form in which it occurs in this case, does not appear to have arisen in this State, the general principles controlling it have been frequently stated by this Court. In *Jones* v. *Gutman,* 88 Md. 364, the court said: "The husband is bound to provide his wife with such necessaries as in her situation in life are suitable and proper, and if he fail in the performance of this duty, she may contract debts for them, and it will be presumed as a matter of law that she had the power to do so. 1 *Black. Com.* 443. In all such cases a presumption conclusively arises whether the parties live together or not." And that this principle is not affected by the fact that she had means of her own is to be inferred from the language used in *Stonesifer* v. *Shriver,* 100 Md. 30, where there was an effort to charge the wife's separate estate with her funeral expenses and medical attendance. In holding that these expenses could not be charged against the wife's estate, it was said: "The duty of a husband to bury his wife in a suitable manner is involved in the obligation to maintain her while living, etc.," and in *Wanamaker* v. *Weaver,* 176 N. Y. 75, 65 L. R. A. 529, cited in *Noel* v. *O'Neill,* 128 Md. 205, it is said: "It is a settled principle in the law of husband and wife that by virtue of the marital relations, and in consequence of the obligations assumed by him upon marriage, the husband is legally bound for the supplying of necessaries to the wife, so long as she does not violate her duties as wife." If then the husband's duty to supply his wife with necessities depends upon the marital relation and the obligations incident thereto, it cannot be said to depend upon, nor be affected by her ability to procure such necessities from her separate estate, and such seems to be the general view. Although there are decisions to the contrary (see *Hunt* v. *Hayes,* 64 Vt. 89, 15 L. R. A. 661), it is "generally held that a husband's duty of support exists, though his wife has a statutory or equitable separate estate." 13 *R. C. L.,*

p. 1202; *Cunningham* v. *Reardon,* 98 Mass. 538; *Moore* v. *Copley,* 165 Pa. St. 294; *Ott* v. *Hentall,* 70 N. H. 231; 51 *L. R. A.* 226. Many of the cases dealing with this question are collected in a note to the case of *Wanamaker* v. *Weaver* in 98 A. S. R. 644, in which, after referring to the cases holding a contrary view, it is said: "The soundness of these decisions may well be doubted. The right of a wife to support from her husband and his duty to support her do not depend upon the inadequacy of her means, but upon the marriage relation. Her implied authority to pledge his credit springs from his obligation, as husband, to provide for her, and not from the fact that otherwise she will be destitute." And in our opinion the principles so stated are not only established by our decisions, but are entirely consonant with reason and the best considered authority elsewhere.

Applying these principles to the question before us, in our opinion, there was no error in the rulings involved in these six exceptions.

The plaintiff offered five prayers, the defendant, Adelaide McFerren two, and the defendant Frederick C. McFerren seven. All the prayers of the plaintiff and the defendant Adelaide McFerren were granted, as were the first, third, fourth and fifth prayers of the appellant, and the others were refused.

The legal principles controlling the rights of the several parties to the case in which this appeal was taken present no difficulty. The husband was obliged to provide his wife such necessities as were appropriate to her station in life, and when, and only when, he failed to provide them or furnish her means to procure them, she became authorized to pledge his credit to obtain them. The agency thus presumed is one which arises *ex necessitate,* and is not the conventional agency created by express language or implied from the conduct and course of dealing of the principal. This is obviously true because, if the existence of the facts from which this agency of necessity is implied are established, the hus-

band will not be allowed either to revoke it or deny its ex-
istence, whereas in the case of an actual conventional agency
he could terminate the agent's right to act under it at any
time.  2 *Mechem, Agency,* par. 563.

But the rule thus stated rests upon the assumption that the
husband has neither furnished the necessities nor the means
to procure them, and if it appear that he has supplied either
the one or the other, then there is no presumption of an
agency of necessity, and whoever seeks to charge the husband
for purchases on his credit by the wife must prove agency
as in other cases when her right to pledge his credit is ques-
tioned.  And where the husband and wife are separated, and
he provides for her maintenance and support by the payment
of money or other valuable commodity at stated intervals,
either as alimony under an order of some court of competent
jurisdiction, or in accordance with an agreement between the
husband and wife, fixing such an amount as adequate and
satisfactory, then she is not authorized to pledge his credit
under the presumed authority of an agency of necessity; and
the person seeking to charge the husband under such cir-
cumstances assumes the burden of proving an agency in fact.
*Jones* v. *Gutman,* 88 Md. 355.

These principles, which are generally approved and may
be regarded as settled law, are very clearly stated in *Critten-
den* v. *Schermerhorn,* 39 Mich. 661, 33 Am. Rep. 442, where
it is said: "In the absence of any express promise the power
of a wife separated from her husband without her fault rests
upon an implied authority to bind him for necessaries, where
he has made no sufficient provision for her support.  If he
makes sufficient provision, or if he makes provision to an
amount she assents to receive without coercion, he is not
bound to make good her contracts for necessaries.  This is
not to be questioned."

Applying these principles to the questions involved here,
in our opinion, there was error in the rulings of the lower
court on the prayers.

By the appellee's first prayer the jury was told that if the garments, for the price of which the suit was brought, were purchased upon the credit of the appellant by his wife, and that she had purchased from the appellee "similar garments on many occasions" and her husband had in each case paid for them, the plaintiff was entitled to recover unless her husband had provided her with necessary wearing apparel or with sufficient money "to procure the same." By this prayer the appellee's right to recover rested upon the hypothesis of an agency in fact, not arising from or necessarily incident to the marriage relation, and as the authority of the agent under such circumstances could have been terminated by the principal at any time before it was executed (1 *Mechem, Agency,* par. 563), whether the principal had terminated his wife's agency before she purchased the articles in question was under the circumstances of the case a material and important fact to be considered by the jury in determining whether at the time Mrs. McFerren made the purchase she was acting as her husband's agent. There was proof in the case that the appellee had been notified by the appellant, prior to the day on which the greater part of the articles were purchased, that he would not be responsible for any debts not contracted by him personally. He testified that he himself signed such a notice and mailed it, properly addressed, to the appellee, and upon that proof a presumption arose that the appellee received it, and while one of defendant's officers testified he did not remember seeing the letter, and he was sure it had not been received, such testimony did not conclusively rebut the presumption of its receipt arising from the proof that it had been mailed, but was to be considered by the jury together with any other facts or circumstances tending to rebut such presumption. *Lawrence Bank Co.* v. *Raney,* 77 Md. 321; *Southern Engine & Boiler Works* v. *Vaughan,* 98 Ark. 388, Ann. Cas. 1912 D. 1062.

And since the statement in the prayer that the plaintiff was entitled to recover if the jury found the facts stated

therein, in effect withdrew from their consideration the question of the revocation of the agency, it should not have been granted. *Corbett* v. *Wolford,* 84 Md. 429.

The plaintiff's second prayer submitted in somewhat greater detail the same proposition as was set forth in its first prayer, and since it ignored entirely the testimony concerning the revocation of the wife's agency to purchase the articles in question for reasons already assigned, it too should have been refused.

By the plaintiff's third prayer the jury were told in effect that if McFerren and his wife were separated as a result of his misconduct, that he was responsible for necessary apparel furnished by the plaintiff, and if she "had not means of supplying herself therewith," their verdict should be for the plaintiff.

Its fourth prayer instructed the jury that if the "male and female defendants herein" separated by mutual consent "after May 7, 1919, and nothing was said *then*" as to his providing for her necessary wearing apparel, and that the articles purchased on May 20th were necessary wearing apparel, that the jury could infer that he intended that his credit should be pledged with the plaintiff, and the verdict should be for the plaintiff. The propositions announced by these two prayers, while inartificially phrased, are in the main correct statements of law and the fourth prayer was properly granted, but the third prayer is exceedingly misleading in that it in effect withdraws from the consideration of the jury the testimony tending to show that the appellant paid his wife a definite weekly allowance for her maintenance and support, the amount of which was fixed as sufficient for such purpose by agreement made by their respective counsel which she ratified. For reasons already stated, such an agreement, if it existed, went to the very root of the appellee's case, and there was error in withdrawing it from the consideration of the jury, and for this reason this prayer should have been refused.

The plaintiff's fifth prayer instructed the jury in effect that, if the wife was without necessary wearing apparel through the fault of her husband, the appellant, and that she received "no money from him for such necessary garments" their verdict should be for the plaintiff even though it had been notified on May 20th not to credit the wife. This instruction is palpably defective in that it failed to require the jury to find that the plaintiff sold or supplied the articles in question or indeed anything at all either to the appellant or to his wife, and since in any possible aspect of the case the mere fact that Mrs. McFerren was without necessary wearing apparel through the fault of her husband did not in itself create a cause of action in favor of the plaintiff, it follows that this prayer should have been refused.

Two prayers were granted at the instance of Mrs. McFerren, but as the objections to them were not pressed in this Court and as no reversible error has been discovered in the rulings in regard to them, they need not be futher discussed.

The appellant's second, sixth and seventh prayers, while they were for reasons already stated otherwise valid, were properly refused because they withdrew from the consideration of the jury the evidence in the case tending to show that the appellee was warranted in inferring from the appellant's course of dealing and his conduct that his wife was his agent in fact as distinguished from an agent in law or of necessity for him. There was proof in the case from which such an inference could have been drawn, and its weight was for the jury to whom it should have been submitted.

Because of the errors pointed out in the rulings of the lower court on the prayers, it follows that the judgment appealed from must be reversed.

*Judgment reversed, with costs and cause remanded for a new trial.*