## KERNER *v.* EASTERN DISPENSARY AND CASUALTY HOSPITAL

[No. 205, October Term, 1955.]

*Decided June 18, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Dean Hill Stanley* and *William A. Volkman, Jr.,* for the appellant.

*Vivian V. Simpson,* with whom were *Joseph B. Simpson, Jr., Alan Johnstone* and *Simpson & Simpson* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Eastern Dispensary and Casualty Hospital, a corporation organized under the laws of the District of Columbia, brought this action in the Circuit Court for Montgomery County against Henry P. Kerner, of Montgomery County, and his estranged wife, Teresa Aiken Kerner, of Washington, and Joseph A. Herbert, Jr., of Washington, the conservator of Mrs. Kerner's estate, to recover for her hospital care and treatment from January 17, 1952, to June 30, 1955. Plaintiff filed its claim for $12,010.30, less a credit of $4,500.00 received from the proceeds of sale of Mrs. Kerner's home, leaving a balance due of $7,510.30.

Plaintiff filed a motion for a summary judgment, which was supported by an affidavit of plaintiff's secretary. The secretary alleged: (1) that Mrs. Kerner entered the hospital on January 17, 1952, and has been a patient there ever since;

(2) that the bill for hospitalization and treatment as of June 30, 1955, less the credit of $4,500, amounted to $7,510.30; (3) that Mrs. Kerner's husband promised to pay the balance due on the bill when her separate estate had been exhausted, but he failed and refused to pay the same; (4) that Mrs. Kerner has no separate estate from which the bill can be paid; and (5) that the care and treatment of Mrs. Kerner was a necessary for which her husband is justly liable.

Mrs. Kerner, who has been in a critical condition in the hospital since January 17, 1952, was returned *non est*. The conservator also was returned *non est*.

Kerner filed the general issue pleas that he never promised as alleged, and that he never was indebted as alleged, and a third plea "that he and his wife have been separated for more than thirty years; that although his wife, without just cause for the separation, left him, he many times attempted to reconcile his marriage, the wife always refusing; the wife at all times even at marriage had a separate estate and disclaimed any maintenance or support of any kind; the defendant having been denied the benefits of a happy marriage and home and the wife having many times indicated her desire not to be in any manner obligated to or tied-up with her husband * * *."

Kerner also filed an affidavit opposing entry of summary judgment. In this affidavit he admitted that he was married to Mrs. Kerner, but he disputed the claim and swore that he did not owe any part of it. He then alleged the facts of his defense: (1) that his wife, at the time of her separation from him, without just cause, had a separate estate; (2) that they had been separated for about thirty years; (3) that he had never promised to make any payment to plaintiff of any kind; and (4) that the hospital services were not necessaries after January, 1953.

The Court summarily entered judgment in favor of plaintiff for $7,510.30. From that judgment Kerner appealed to this Court.

Our Summary Judgment Rules provide that a party asserting a claim, or a party against whom a claim is asserted, may at any time make a motion for a summary judgment in his

favor as to all or any part of the claim on the ground that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. If the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law, the judgment sought shall be rendered forthwith. General Rules of Practice and Procedure, part 2, subd. 4, rules 1(a), 4(a); *Frush v. Brooks,* 204 Md. 315, 104 A. 2d 624; *Nardo v. Favazza,* 206 Md. 122, 110 A. 2d 676; *Cox v. Sandler's, Inc.,* 209 Md. 193, 120 A. 2d 674.

Generally, a husband is liable for the necessaries provided for the support of his wife. Whatever may be a husband's circumstances, his wife is entitled to food and clothing to preserve her life and health, and to medical attendance and nursing when she is sick. 1 *Bishop, Marriage, Divorce and Separation,* sec. 1189. The Maryland statutes, which preserve to the wife the ownership and enjoyment of her property, do not relieve the husband of his common-law obligation to maintain his wife and to pay for medical attendance upon her. Generally, therefore, it is the husband's duty to support his wife when she is confined in a hospital, and it is only when he is unable to do so that resort can be had for her maintenance to her separate estate. *Bliss v. Bliss,* 133 Md. 61, 74, 104 A. 467.

This rule applies even where the husband and wife are living apart, provided that the separation was not the fault of the wife. In *Barnes v. Starr,* 144 Md. 218, 124 A. 922, 34 A. L. R. 809, the Court held that, although the husband and wife had separated, the husband was liable for his wife's board, medical and nursing care, and expenses of her funeral. But there the wife had been receiving alimony *pendente lite* in a suit which she had brought, and a divorce suit which the husband had instituted had been dismissed after a full hearing on the merits. Thus there was nothing to show that the separation was the fault of the wife.

However, the rule is different where the wife deserts her husband without just cause and continues to live apart from him without his consent. When a wife is living apart from her husband, a *prima facie* presumption arises that she has no right

to pledge his credit, and a wife seeking to recover from the husband for necessaries furnished her while living apart from him has the burden to prove that the separation was caused by his fault, or that they were living apart by mutual consent. *Town of Milton v. Bruso,* 111 Vt. 82, 10 A. 2d 203; *Sawyer v. Richards,* 65 N. H. 185, 23 A. 150; *Pritchard v. Bigger,* 288 Mich. 447, 285 N. W. 17.

In an early English case, Lord Holt announced that if a wife elopes, and a tradesman, who has no notice of the elopement, gives credit to her, even for necessaries, the husband is not liable; but if the wife leaves without an adulterer and afterwards offers to return, and her husband refuses to take her back, his liability for her contracts for necessaries is revived from that time, notwithstanding a general notice not to trust her. *Longworth v. Hockmore,* 12 Mod. 144, 1 Ld. Raym. 444.

One of the early American cases brought to recover for board and lodging furnished a wife when she was in ill health was *McCutchen v. McGahay,* 11 Johns., N. Y., 281, 6 Am. Dec. 373, 374. It was held by the Supreme Court of New York in that case that, since the wife had deserted her husband and had never effected a reconciliation, the plaintiff could not recover from the husband. In support of that decision, Judge Platt said:

> "To sustain such an action would encourage disobedience and infidelity in the wife. The duties of the wife, while cohabiting with her husband, form the consideration of his liability for her necessaries. He is bound to provide for her, in his family; and while he is guilty of no cruelty towards her, and is willing to provide her a home, and all necessaries there, he is not bound to furnish them elsewhere. All persons supplying the necessities of a married woman, separate from her husband, are bound to make inquiries as to the cause and circumstances of the separation, or they give credit at their peril."

In *Peaks v. Mayhew,* 94 Me. 571, 48 A. 172, 173, where the Supreme Judicial Court of Maine likewise held that a wife, by wilful violation of marital duty, relieves her husband from

the observance of the marital obligation which would otherwise rest upon him, Justice Whitehouse forcefully stated:

"There is no rule of law or principle of justice which would raise a presumption of agency in favor of a wife to enforce an obligation on the part of her husband, which, for her own fault, has ceased to exist. In case of the wife's desertion of her husband, the presumption changes to the side of the husband, and the burden is upon the plaintiff who seeks to recover for necessaries furnished the wife, with knowledge of the separation, to show that they either lived apart by mutual consent or that the separation was occasioned by the fault or misconduct of the husband. * * * The rule is as well sustained by reason and justice as by authority, for it is manifest that the opposite doctrine would necessarily tend to break down the reasonable and salutary restraints imposed by the solemn compact of marriage, and thereby defeat, in a large degree, the great moral and social purposes which the conjugal union was designed to subserve."

In accord with the doctrine generally accepted in this country, it is held in Maryland that a wife has the right to look to her husband for support if he deserted her or his misconduct forced her to leave him. *Hubbard v. Hubbard,* 131 Md. 291, 294, 101 A. 772, 6 A. L. R. 3; *Dougherty v. Dougherty,* 187 Md. 21, 48 A. 2d 451. It is also held that if husband and wife are living apart by mutual consent, and nothing was said at the time of separation as to his providing for her necessaries, it might be inferred that the husband intended that the wife could pledge his credit for them. *McFerren v. Goldsmith-Stern Co.,* 137 Md. 573, 581, 113 A. 107, 18 A. L. R. 1125. It is reasoned that when a husband and wife are separated without the wife's fault, and the husband has not made an express promise to pay for necessaries and has not made provision for her support, the wife has implied authority to pledge his credit for necessaries.

But when a wife deserts her husband without his fault, she forfeits all right to support from him, and carries with

her no authority to pledge his credit even for necessaries. *Steinfield v. Girrard,* 103 Me. 151, 68 A. 630; *Foss v. Hartwell,* 168 Mass. 66, 46 N. E. 411; *De Marzo v. Vena,* 330 Mass. 118, 111 N. E. 2d 797; *Morgenroth v. Spencer,* 124 Wis. 564, 102 N. W. 1086. This rule is especially true where the person furnishing the necessaries knows that the husband and wife are not living together, and yet makes no further inquiries. 1 *Schouler, Marriage, Divorce, Separation,* 6th Ed., sec. 102.

In the case at bar the question whether the husband was liable for the wife's hospital care and treatment was squarely in issue. As we have stated, a plaintiff, in order to recover for necessaries furnished to a wife who is living apart from her husband, must allege and prove that the separation was the fault of the husband or that they were living apart by mutual consent. Plaintiff failed to allege that it had extended credit to Kerner. It is true that it alleged that he promised to pay the balance due on the bill, but he swore positively that he had never made any promise whatever to the hospital.

It is clear that Kerner's pleas and affidavit raised the dispute of material fact as to whether his wife deserted him without just cause, thereby relieving him of liability for necessaries furnished to her. Plaintiff contended that Kerner's pleas and affidavit were inadequate because they did not state precisely that Mrs. Kerner was guilty of desertion. We do not consider this a substantial objection. It is true that he did not use the word "desertion." However, his allegations that his wife had left him without just cause for the separation, that they had been separated for thirty years, that many times he had attempted to effect a reconciliation, but each time she refused to return to live with him, were tantamount to an allegation that she had deserted him. *Hereford v. People,* 197 Ill. 222, 64 N. E. 310, 316.

For these reasons we are convinced that the Court below should not have entered a summary judgment. We must therefore reverse the judgment and remand the case for further proceedings.

*Judgment reversed and case*
*remanded, with costs.*