## WEISS *v.* MELNICOVE

[No. 112, September Term, 1958.]

*Decided January 20, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Paul Berman* and *Sigmund Levin,* with whom were *Melvin J. Sykes* and *Theodore B. Berman* on the brief, for the appellant.

*Joseph S. Kaufman* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment in an action for legal services rendered, tried by the court without a jury, against a husband and in favor of an attorney who had represented the wife in negotiations looking towards a property settlement and separation agreement, which did not come to fruition. The appellant contends that the services rendered were not "necessaries", and that no implied promise to pay can be raised under the circumstances. No question is pressed as to the amount of the judgment.

The testimony is clear that both husband and wife called upon Mr. Gordon, the husband's attorney, and told him they had domestic problems and had agreed to separate. Mr. Gordon stated he could not represent both parties, and that the wife would have to seek her own counsel. It is undisputed that the wife was without means of her own, and that the husband was a relatively wealthy man, with a gross income of

about $100,000 a year, some of which, however, was probably pledged to reinvestment in a partnership of which he was a member. She consulted the appellee, with at least the tacit consent of her husband. There were long negotiations thereafter, and a separation agreement was drafted by the appellee, and tentatively approved by the counsel for both parties. But at the last moment the parties fell out over some relatively minor details, and the wife refused to go through with it. Thereafter, divorce proceedings were instituted by her, through new counsel.

The appellant contends that it was incumbent upon the appellee to show that "the services were in reality necessary for the protection and support of Mrs. Weiss and were required and made reasonable and proper by the fault of appellant." We agree with the trial court that recovery does not depend upon proof of fault on the husband's part. In *McCurley v. Stockbridge,* 62 Md. 422, Chief Judge Alvey reviewed and relied upon the English authorities in holding that attorneys could recover against a husband's estate for services rendered to a wife in a divorce action brought against him which abated by reason of his death. The authorities are divided on the point, but the rule is firmly established in Maryland. See Notes, 25 A. L. R. 354, and 42 A. L. R. 315. It was noted that it is a condition of the right to recover that it be made to appear affirmatively that the suit of the wife against the husband was reasonably and justifiably instituted. Of course, in divorce proceedings, the wife is a favored suitor and she is ordinarily allowed the means of prosecuting or defending a suit for divorce without any inquiry into the merits. *Gosnell v. Gosnell,* 208 Md. 179, 182.

We are not now concerned with a divorce action, but with a proposed separation agreement, predicated upon mutual consent. Separation by consent for the prescribed period may itself furnish a ground for divorce, regardless of fault, giving rise to a right to alimony. Code (1957) Art. 16, sec. 24; *Foote v. Foote,* 190 Md. 171. Under Code (1957) Art. 16, sec. 28, settlement agreements are not invalid as against public policy, where they do not condone any exist-

ing causes of divorce, or bargain for a fraudulent one. *Frank v. Frank,* 203 Md. 361. See also *Zouck v. Zouck,* 204 Md. 285, 292. Certainly, there is nothing in the instant case to suggest that the wife was at fault, and we think the costs incident to the employment of counsel were justifiably and reasonably incurred by the wife under the circumstances. For present purposes, we may assume that if the wife had been at fault in the separation, the husband would have been relieved of liability for necessaries furnished her. Cf. *Kerner v. Eastern Hospital,* 210 Md. 375. According to the undisputed testimony, the husband declared that he and his wife had agreed to separate and wished to have his counsel prepare a property settlement agreement. We have held that if a husband and wife are living apart by mutual consent, he may still be liable for necessaries. *McFerren v. Goldsmith-Stern Co.,* 137 Md. 573, 581; *Kerner v. Eastern Hospital, supra;* Note, 60 A. L. R. 2d 7, 36. Mr. Gordon quite properly stated that she would need counsel, since he could not represent both parties. There is no suggestion that counsel was not careful and diligent. So far from objecting, the husband encouraged her action.

The English case of *Michael Abrahams, Sons & Co. v. Buckley,* [1924] 1 K. B. 903, is very similar to the instant case. That was a suit for services by a wife's solicitors in negotiations for a deed of separation, which was never signed. It was held that counsel was entitled to judgment. The court remarked that it was not essential that the wife should actually procure a decree, but only "for the solicitor to prove that he acted on reasonable grounds, that he made adequate inquiries, and that he showed proper diligence and full care." At least where there is tacit consent to the employment of counsel by a wife, to work out and put into effect a proposed agreement for the mutual benefit of the parties, we think the services of counsel for her are "necessaries", despite the fact that the proposed agreement was never executed.

> *Judgment affirmed, costs to be paid by the appellant.*