## MILLER *v.* MILLER

[No. 110, September Term, 1964.]

*Decided January 5, 1965.*

The cause was argued before Prescott, C. J., and Horney, Marbury, Sybert and Oppenheimer, JJ.

*David F. Albright,* with whom were *Semmes, Bowen & Semmes* and *Cleaveland D. Miller* on the brief, for appellant.

*Z. Townsend Parks, Jr.,* with whom were *Parks & Parks* on the brief, for appellee.

Horney, J., delivered the opinion of the Court.

The sole question presented by the appeal in this divorce proceeding is whether the separation agreement of the parties was a voluntary one.

After a relatively happy married life of more than thirty years, the husband became infatuated with a woman who lived across the street and began spending more time with her than with his wife. Both before and after the wife thought she had positive proof of the adulteries of her husband, she made every

effort to "forgive and forget," but he would not give up his relationship with the other woman. When conditions became so intolerable that the wife could no longer bear them, she filed suit for alimony on the ground of adultery and served notice of her intention to take the deposition of the husband's paramour.

When an effort to induce the husband to move out of the marital home and maintain a separate residence for six months to afford him an opportunity "to come to his senses" was not successful, the parties and their respective counsel met for the purpose of negotiating a separation agreement and property settlement. Although it was suggested, during the negotiations, that the wife had ample evidence to obtain an immediate divorce on the ground of adultery instead of waiting for the expiration of the statutory period when either party could obtain the divorce on the ground of voluntary separation, the parties agreed to resolve their difficulties by way of a voluntary separation and property settlement agreement. Therein the wife waived the payment of alimony and it was agreed that the joint property of the parties should be divided between them, with the wife taking the larger share. One of the recitals in the agreement stated that the parties had "voluntarily agreed to separate" and a concluding covenant stated that the agreement was "prepared by and with the advice of their respective counsel"; that the agreement embodied "the full and complete understanding" of the husband and wife; and that the agreement was in lieu of any agreement, verbal or written, theretofore entered into between the parties. Upon the execution of the separation agreement, the suit for separate maintenance was dismissed with prejudice.

After the expiration of more than two years, the bill for divorce filed by the husband, alleging that he and his wife had voluntarily lived separate and apart, without cohabitation for eighteen consecutive months prior to the filing of the bill and that such separation was beyond any reasonable expectation of reconciliation, sought a divorce *a vinculo matrimonii* from his wife. The wife, answering the bill, denied that the parties had voluntarily separated.

According to her attorney, the wife never told him that she did not want to enter into the separation agreement. Nor did

she ever inform her husband (or his attorney) that the separation was other than voluntary. She testified, moreover, that she executed the agreement on the advice of her counsel and that the agreement was still in effect, but insisted that she never accepted that part of the agreement which recited that she and her husband had voluntarily agreed to separate. When asked at the taking of her pretrial deposition whether she voluntarily agreed to separate from her husband, she replied in the affirmative, but when she was asked the same question at the trial, she replied in the negative. Similarly, when asked at the trial whether the recital was true, she replied that it was both truthful and untruthful. After the execution of the separation agreement, she avoided seeing her husband whenever she could and refused to talk to him except through counsel. As she put it, the matter ended with the signing of the agreement. Although the wife made several attempts to become reconciled before the signing of the agreement, neither the wife nor the husband made any effort to bring about a reconciliation after the separation took place.

The chancellor, finding that the separation of the parties was not voluntary at its beginning and had not thereafter become voluntary, dismissed the bill for divorce, but refused to rescind the separation agreement and property settlement.

On appeal, the husband contends that the wife in executing the agreement, in accepting the property settlement made thereunder and in acquiescing in the separation for more than two years without having informed him that she had not willingly consented to the separation, thereby established the voluntary character of the separation agreement. We agree.

The claim of the wife that the separation was not in fact voluntary is not supported by the record. The agreement recited that the parties had voluntarily agreed to separate, and the uncontradicted evidence shows that they actually lived separate and apart without cohabitation for more than the specified statutory period of eighteen months and without either party having made an effort to bring about a reconciliation. This, since it clearly manifested an intention to permit the marriage relationship to be terminated in law, as well as in fact, without regard to fault, was all that was required under Code (1964

Cum. Supp.), Art. 16, § 24. *Hughes v. Hughes,* 216 Md. 374, 140 A. 2d 649 (1958). See also *Weiss v. Melnicove,* 218 Md. 571, 147 A. 2d 763 (1959); *Matysek v. Matysek,* 212 Md. 44, 128 A. 2d 627 (1957); *France v. Safe Deposit & Trust Co.,* 176 Md. 306, 4 A. 2d 717 (1939).

Although the wife now claims that the recital in the agreement—stating that the parties had voluntarily agreed to separate—was not true and that circumstances (presumably the refusal of the husband to agree to a *trial* separation since the wife was not dependent on the husband for support) compelled her to accept the allegedly erroneous recital, the assertion is not borne out by the wife's subsequent conduct. Not only did she remain silent for over two years, but during that period she never informed her husband or his attorney or even her own attorney that she did not want a voluntary separation. And, what is more important, she made no offer of reconciliation, which, if made in good faith, might have destroyed the voluntary nature of the separation. *Moran v. Moran,* 219 Md. 399, 149 A. 2d 399 (1959). See also *Campbell v. Campbell,* 174 Md. 229, 198 Atl. 414 (1938). Cf. *Feltgen v. Feltgen,* 237 Md. 32, 205 A. 2d 251 (1964). Her acquiescence in the original separation and her failure to seek a reconciliation made it voluntary for the statutory period. *Parks v. Parks,* 116 F. 2d 556 (D.C. Cir. 1940).

We hold that the separation agreement of the parties was voluntary.

> *Decree reversed and case remanded for the entry of a decree in conformity with this opinion; appellant to pay the costs.*